# JOHN GAY v. WILLIAM WINTER, J. FEEIFFER, M. CROOK, C. K. GARRISON, S. C. HASTINGS, J. S. FRIEDMAN, AND HIRAM C. WHEELER.

PLEADING—DENIALS IN ANSWER.—Before entering on the trial of an action, the plaintiff is entitled to an explicit denial of the material allegations of the complaint, or an admission of their truth, either by direct statement, or by silence ; and it is the duty of the Court to enforce this right.

IDEM—MODE OF TESTING.—Where the answer contains no new matter, and the plaintiff claims that all the denials are bad, he may test their sufficiency by a motion for judgment upon the pleadings.

IDEM.—If some of the denials of an answer are deemed good, and the others bad, the plaintiff may move to strike out the latter. This practice is justified by the fiftieth section of the Practice Act. Answers consisting of denials, which do not explicitly traverse the material allegations of the complaint, are sham and irrelevant within the meaning of the statute.

FUNERAL EXPENSES.—In an action under the statute for causing by wrongful act the death of a person, funeral expenses are not recoverable, except as special damages, if recoverable at all, and must be specially pleaded.

VARIANCE BETWEEN PLEADING AND PROOF.—In an action under the statute for causing by wrongful act the death of a person, where the allegation of the complaint was that defendants owned, as tenants in common, the entire block. in front of which the accident occurred, and the proof was that they owned it in distinct parcels in severalty, the variance was immaterial.

NEGLIGENCE—WHAT SUFFICIENT PROOF OF.—To maintain an action for causing by wrongful acts the death of or injury to a person, two things must be shown : 1st. An obstruction in the road by the fault of the defendant; 2d. No want of ordinary care on the part of the plaintiff. The *gravamen* of the action is the negligence of the defendant, and plaintiff cannot recover where it appears that the negligence of the deceased or person injured contributed in any degree to the death or injury sustained.

IDEM.—But in cases where the negligence of the defendant is affirmatively shown, and there is no proof of the conduct of the deceased or person injured, the jury are at liberty to infer ordinary care and diligence on his part, taking into consideration his character and habits, as proved, and the natural instinct of self-preservation.

IDEM.—In such actions, if the plaintiff makes a case which does not charge the deceased or the person injured with negligence, the case should be permitted to go to the jury, under appropriate instructions.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action brought under the provisions of the statute authorizing the recovery of compensation for causing

death by wrongful act, neglect, or default. (Cal. Stats. 1862, p. 447.)

The complaint alleged that on or about November 17th, 1864, John Gay, Jr., deceased, an infant of the age of about five years, while carefully using Drumm, East, and Jackson streets, in the City and County of San Francisco, at their crossing and intersection at a point therein, being contiguous and adjacent to a certain irregular block of land in said city, bounded by Washington, Drumm, and East streets, fell through a hole about two feet square in said streets, and into the waters of the Bay of San Francisco beneath, and thereby came to his death by drowning. That said hole had existed and continuously remained in said street crossing for over two months next before and on the said November 17th. That the said irregular block of land, on said day and continuously for more than two months next prior thereto, was owned by the defendants. That it was the duty of the defendants on said day to have kept in repair said streets at said crossing; and they were, on said day, liable to have been notified to make, or to have been assessed for the expense of making, the repairs on said streets at said crossing. That defendants did not keep said streets at said crossing in repair, and by reason thereof they caused the death of the said John Gay, Jr. That the plaintiff was the father and next of kin of said John Gay, Jr., and was the administrator of his estate, and that by reason of the premises, damages had resulted to plaintiff in the sum of twenty-five thousand dollars.

The defendants, answering separately, traversed the allegations of the complaint, except the alleged paternity of plaintiff, his administration, and the death of John Gay, Jr. And in respect to the alleged ownership of said irregular block of land, each defendant, in addition to a general denial, disclaimed having, or having had, any title or possession therein, except to a particular part designated, to which, he alleged, his title and possession were and had been exclusive. By the averments of the several answers, it appeared

that defendants, in the manner alleged by them, owned the whole of said irregular block.

At the trial, and before the introduction of any evidence, the plaintiff, by his counsel, moved the Court to inspect the pleadings, and determine, prior to the introduction of any testimony, what allegations of fact, contained in the complaint, were properly denied in the answers of defendants, so as to require proof to sustain the same. The Court denied the motion, and plaintiff excepted. The evidence offered by plaintiff tended to prove that John Gay, Jr., was more than usually intelligent and considerate for his years. That on the morning of said November 17th, he had been sent by his mother to a meat market, about one block distant from the residence of his parents, and within about thirty yards of the hole described in complaint, to do marketing. That he went to the said market, and proffered to accomplish his errand, but was requested by the keeper of the market, who was at the time busy with other customers, to wait a few minutes, but instead of doing so, he returned to and walked down the street, in the direction of said crossing—near to which he was last seen alive. That the hole in the street crossing existed at the point alleged, and was about two feet wide and over five feet long, and had existed in the same condition for several weeks previous to the said 17th of November. That the deceased fell through said hole, and came to his death by drowning. The only evidence offered by plaintiff as to the fact or measure of damage sustained, as alleged in complaint, was of certain funeral expenses incident to the burial of deceased, paid by plaintiff, which, upon the objection of the defendants thereto, on the grounds of irrelevancy and incompetency, was rejected by the Court, to which ruling the plaintiff duly excepted.

On the conclusion of the plaintiff's evidence, the defendants moved for a nonsuit, on the grounds, among others, to wit: First, the absence of any evidence to sustain the averments of the complaint, touching the ownership by defend-

ants of said irregular block of ground; second, that the plaintiff, as administrator, had no legal capacity to sue; and, third, that the evidence not only failed to show the plaintiff, as the natural guardian and protector of John Gay, Jr., free of negligence, but it affirmatively appeared therefrom that the death of deceased was contributed to by plaintiff, in permitting the deceased, under the circumstances disclosed, to go alone about said street crossing, where said hole was known to exist. The Court granted the motion, and judgment of nonsuit was entered against plaintiff, who duly excepted thereto. The plaintiff moved for a new trial, and the motion was heard upon a settled statement containing the evidence and said several rulings of the Court and exceptions thereto. The motion was denied by the Court, and plaintiff appealed from said judgment and the order denying a new trial.

*F. P. Dann,* for Appellant.

This is an action brought under the provisions of " An Act requiring compensation for causing death by wrongful act, neglect or default." (Stat. of Cal. 1862, p. 447; *Kraemer v. Market Street R. R. Co.,* 25 Cal. 434.)

Defendants are the persons through whose " wrongful neglect and default " the death of plaintiff's intestate was caused, they being the owners of the irregular block of land described in the complaint, contiguous to the street and crossing, in which was the hole through which said intestate fell and was drowned, and therefore the persons contemplated in section two of the foregoing Act. (Stat. of ·Cal. 1862, p. 391, *et seq.,* Secs. 2, 3, 9, 14, 17, 25; Stat. of Cal. 1863, p. 525, *et seq.,* Secs. 4, 8, 11, 24; *Hart* v. *Gaven,* 12 Cal. 477; *Emory* v. *Bradford,* 29 Cal. 75; *Walsh* v. *Matthews,* 29 Cal. 123.)

Negligence, carelessness, or want of ordinary care; that is, the failure to exercise that degree of care which may reasonably be expected from a person in the given individual's situation, is a question of fact, and should be submitted to

the jury under proper instructions. (*Richmond* v. *Sac. V. R. R. Co.*, 18 Cal. 358; *Gerke* v. *Cal. Nav. Co.*, 9 Cal. 258; *McGrath* v. *Hudson R. R. R. Co.*, 32 Barb. 144; same case, 19 How. 211 : *Ernest* v. *Hudson R. R. R. Co.*, 19 How. 159; same case, 19 How. 205 ; *Bernhardt* v. *Ren. & Sar. R. R. Co.*, 19 How. 165; same case, 19 How. 199; *Sheldon* v. *Hudson R. R. R. Co.*, 29 Barb. 227 ; *Ernest* v. *Hudson R. R. R. Co.*, 24 How. 104, 107 ; *Williams* v. *O'Keefe*, 24 How. 16 ; *Butterfield* v. *Forester*, 11 East. 60 ; 22 Vt. 213, 225 ; 19 Conn. 507, 511, 570 ; 1 Ad. & Ell. 29; 4 Per. & Dav. 672; 1 Hill. on Torts, 151–53, 134, 124; 16 Conn. 179; 12 Met. 281; 12 Q. B. 437 ; 1 Eng. Rev. Cases, 852; 23 Conn. 346.)

The fact of no negligence on the part of plaintiff's intestate may be inferred from the circumstances of the case and the natural instinct of self preservation ; and when that inference can be drawn, the case should go to the jury. (*Johnson* v. *Hudson R. R. R. Co.*, 20 N. Y. 65–76; 16 Penn. 463–68 ; *Myer* v. *Snyder*, Br. R. 489 ; *Button* v. *Hudson R. R. R. Co.*, 18 N. Y. 252 ; 5 Duer, 25 ; 4 E. D. Smith, 25.)

When the duty to repair a street devolves upon individuals, they are liable for injuries which result from any defect therein which might have been prevented by the exercise of ordinary care. (Angell on Highways, Secs. 299, 290, [notes 4, 5,] 289, 285, and note 2 ; *Reed* v. *Northfield*, 13 Pick. 94 ; *Lobdell* v. *Bedford*, 1 Mass. 153 ; *People* v. *Albany*, 11 Wend. 544 ; *Dygert* v. *Schenck*, 23 Wend. 446 ; *Congreve* v. *Smith*, 18 N. Y. 79 ; *City of Chicago* v. *Robins*, Law Reg., July, 1863.)

The Court should have inspected the pleadings, and determined, prior to the admission of evidence, what facts were in issue. This is a right to which the plaintiff is entitled, so that it may not be held that he, by introducing testimony, has agreed to consider insufficient or objectionable denials as sufficient. (*Kalkman* v. *Baylis*, 23 Cal. 305.)

The ownership by defendants of the lots described in the complaint as tenants in common or joint tenants is unnecessary, they being the owners of the whole block by each one

owning in severalty a certain portion; those portions making the whole, they are jointly concerned in the wrongful neglect by which the death was occasioned. (*Livingston* v. *Bishop*, 1 Johns. 290; *Duane* v. *Goodall*, U. S. District Court, Cal.

The proof as to the moneys which plaintiff, as next of kin, had been obliged to expend on account of the death of the child, should have been allowed. (Statutes Cal. 1862, 447; *Jones* v. *Steamship Cortes*, 17 Cal. 487; *Stevenson* v. *Smith*, 28 Cal. 104.) For other pertinent authorities on the question of damages, see *Oldfield* v. *N. Y. & Har. R. R. Co.*, 14 N. Y. 316–21; *Quinn* v. *Moore*, 15 N. Y. 432; 3 E. D. Smith, 103; 28 Barb. 41; 17 How. Pr. 105; 1 McCord, 514; 2 Nott & McCord, 538; 4 Duer, 257; 24 N. Y. 475.

*W. H. L. Barnes*, for Respondents.

The plaintiff's cause of action, as set out in his complaint, was founded on the alleged "wrongful act, neglect or default" of the defendants. In such a case the right to recover damages depends upon two grounds, which must concur to establish such right: First, the defendants must be chargeable with some degree of negligence; and second, the plaintiff must have been entirely free from any degree of negligence which contributed to the injury; *i. e.*, of any negligence without which the injury would not have happened. (*Shaw* v. *The Boston and Worcester R. R. Co.*, 8 Gray, 68; *Wild* v. *The Hudson River R. R. Co.*, 24 N. Y. 430, 432, 442, 444.) If the plaintiff's negligence directly, or by natural consequence, conduces to the injury, he cannot recover. (*Richmond* v. *The Sac. Valley R. R. Co.*, 18 Cal. 357.) There is no remedy for an injury which is the consequence of negligence on both sides. (*Wynn* v. *Allard*, 5 W. & S. 524, 525, quoting *Simpson* v. *Hand*, 6 Whar. 620; also, *Fox* v. *Town of Glastonbury*, 29 Conn. 204, 209.

When the plaintiff's whole evidence on which his case rests, shows that he was careless, his action cannot be main-

tained. (*Gahagan* v. *Boston and Lowell Railroad Co.*, 1 Allen, 187, 190; *Shaw* v. *Boston and Worcester Railroad Co.*, *supra*. There are many cases of similar character which might be cited *ad infinitum*, to show that it is well settled at common law that the party who claims damages for the neglect of the duty of others to exercise proper care, cannot recover if it appears that the injury he sustained was in any degree caused by his own negligence, or want of due care. (*Murch* v. *Concord Railroad Corporation*, 9 Foster, 43.) Or, if by the exercise of ordinary skill and care the plaintiff could have avoided the injury, or if his conduct contributed to produce it, he is not entitled to recover, even though the defendants were also guilty of negligence. (*Runyan* v. *Central Railroad Co.*, 1 Dutch. 558; *Moore* v. *Central Railroad Co.*, 4 Zab. 268, citing all the cases. See, also, *Waite* v. *N. Eastern Railway Co.*, El. B. & E., 96; E. C. L., *719, 724, 727, per Campbell, C. J., S. C. on appeal; *Ibid*, *728, *733, etc.; *Dowell* v. *St. Nav. Co.*, El. & Bl. *195; *Colton* v. *Wood*, 8 C. B., N. S., E. C. L. 98, *568, *572; *Toomey* v. *Railway Co.*, 3 C. B., N. S., *146, *150; *Butterfield* v. *Forrester*, 11 East. 60; *Vennall* v. *Garner*, 1 Cr. & M. 22—but see note of Am. ed.; *Gruden* v. *Fentham*, 2 Esp. *686; *Cornman* v. *E. C. Railway*, 4 H. & N. 781, 786-7; *Wolf* v. *Beard*, 8 Carr. & P. 373; *Hawkins* v. *Cooper*, 8 Carr. & P. 473; *Pluckwell* v. *Wilson*, 5 Carr. & P. 375; *Brownell* v. *Flagler*, 5 Hill, 282, 283, per Bronson, J.; *Brown* v. *Maxwell*, 6 Hill, 593-4, and cases cited in text and note; *Hartfield* v. *Roper*, 21 Wend. 615, 619, 620; *Rathburn* v. *Paine*, 19 Wend. 399, 401, per Bronson, J.; *Munson* v. *Tonawonda Railroad Co.*, 4 Comst. 349, 358, 359-60, and cases cited; S. C. 5 Denio, 255, 264, 265, 266; *Spenser* v. *Utica and S. Railroad Co.*, 5 Barb. 338-9, per Gridley, J.; *Spooner* v. *Brooklyn City Railroad Co.*, 31 Barb. 419, 428, 429; 36 Barb., S. C., 217; *Haring* v. *N. Y. and Erie Railroad Co.*, 13 Barb. 9, 15, 16; *Dascomb* v. *Buffalo, etc., Railroad Co.*, 27 Barb. 221, 227, 230; *Mackay* v. *N. Y. Central Railroad Co.*, 27 Barb. 528, 542; *Brooks* v. *Buffalo, etc., Railroad Co.*, 25 Barb. 600; S. C. Court of Appeals, reported 27 Barb. 532, note *a*;

*Brendell* v. *Buffalo, etc., Railroad Co.*, reported 27 Barb. 534, note *a*; *Owen* v. *Hudson Railroad Co.*, 7 Bosw. 329, 337–38.)

Where the case as proved by the plaintiff fails to show affirmatively both of the two grounds above stated, there is nothing to go to the jury, and the plaintiff should be non-suited. (*Haring* v. *N. Y. and E. Railroad Co.*, 13 Barb. 9, 11, per Brown, J., at N. P., and 14–16, per Barkaloo, J.; *Wilds* v. *Hudson R. Railroad Co.*, 24 N. Y. 430, 433–35, affirming *Steves* v. *Oswego and W. Railroad Co.*, 18 N. Y. 422, 425; *Gahagan* v. *Boston and L. Railroad Co.*, 1 Allen, 190; *Runyan* v. *Central Railroad Co.*, 1 Dutch. 556–58; *Shaw* v. *Boston and W. Railroad Co.*, 8 Gray, 80; *Sheffield* v. *Roch. & Syr. Railroad Co.*, 21 Barb. 243; *Cornman* v. *E. Co.'s Railway Co.*, 4 H. & Nor. *781, *785–87.) Or where the testimony as to negligence is balanced. (*Colton* v. *Wood*, 8 C. B., N. S., 98 E. C. L., *568, *591; *Toomey* v. *London, etc., Railway Co.*, 3 C. B., N. S., *146, *150, 91 E. C. L.) Or, though there is a preponderance of negligence on the part of the defendant. (*Dowell* v. *Steam Nav. Co.*, 5 El. & B. *195, *208.)

By the Court, SANDERSON, J.:

Before entering upon the trial of an action, it is of the utmost importance that all doubt, if such there be, as to what the issues are should be removed. It is alike important to both parties and to the Court. The plaintiff is entitled to an explicit denial of the material allegations of the complaint or an admission of their truth, either by direct statement or by silence. He is not bound to act at his peril and judge for himself of the sufficiency of the denials, and then stand or fall according to the subsequent judgment of the Court, nor is he bound to treat bad denials as good in order to avoid an adverse decision upon them at some subsequent stage of the proceedings. His right to an explicit denial or admission is a substantial one, secured to him not only by the express provisions of the statute, but by the plainest principles of logic which under-

lie the science of pleading. If this right is not voluntarily conceded by the defendant and his answer framed accordingly, it is the duty of the Court, in some way, to enforce the right.

It is quite as important for the defendant and the Court as the plaintiff, that the issues should be settled in advance of the trial. While the defendant is bound to make his denials sufficient in the first instance, and cannot justly complain of adverse consequences if he does not, yet if they are defective and the defects are the result of inattention or mistake and not design, his position is strengthened by a timely construction of his answer and an opportunity to amend it. As to the Court, such an adjustment of the issues contributes to the dispatch of business and the orderly administration of justice by the consequent avoidance of all controversies as to the issues during the progress of the trial, and of all embarrassment in ruling intelligently upon the relevancy of testimony.

Where the plaintiff claims that all the denials are bad, if the answer contains no new matter, he may test the sufficiency of the denials by a motion for judgment upon the pleadings, or by motion to strike out the answer on the ground that it is sham. If some of the denials are deemed good, and the others bad, he may move to strike out the latter. We consider that this practice is authorized by the fiftieth section of the Practice Act, which provides that "sham and irrelevant answers and defenses, and so much of any pleading as may be irrelevant, redundant, or immaterial, may be stricken out, upon motion, upon such terms as the Court, in its discretion, may impose." Answers consisting of denials which do not explicitly traverse the material allegations of the complaint, we hold to be, so far, sham and irrelevant within the meaning of the statute. (*The People* v. *McCumber*, 18 N. Y. 315.) This course, however, was not adopted, and perhaps the Court did not err in

21

declining to entertain the very general and indefinite proposition of the plaintiff.

Conceding that the plaintiff could recover funeral expenses in this action—a point which we do not decide—the testimony, offered by the plaintiff for the purpose of proving what they were, was properly rejected for the reason that such expenses are in the nature of special damages, and should therefore have been specially averred in the complaint, which was not done. (*Stevenson* v. *Smith,* 28 Cal. 102.)

The Court erred, however, in nonsuiting the plaintiff. Upon what particular grounds the Court founded its judgment we are not advised. Various grounds are urged on the part of the respondents in support of the judgment which do not require special notice. Of this character is the point that there was no proof that the child fell through the hole in Jackson street, and also the point that there was no proof of a street crossing, in fact, at the point where the child met his death. Of these it is sufficient to say that there was evidence tending to prove both the former and the latter.

The claim that there was a fatal variance between the allegations of the complaint and the evidence in relation to the ownership of the irregular block in front of which the accident occurred is without any foundation. Whether the defendants owned the entire block as tenants in common, or distinct parcels in severalty, was wholly immaterial. (Statutes 1863, p. 528, Sec. 8, subd. 8.) If they own the block by separate parcels in severalty, as they allege in their answers, they are nevertheless bound to maintain the crossing, and are therefore within the class of persons described in the second section of the Act under which this action is brought. (Statutes 1862, p. 447.)

How far the plaintiff was bound to go for the purpose of showing that the death of his intestate was not attributable to his own negligence, appears to be the principal question in the case.

The general rule by which juries should be guided in this

class of cases is well settled. In *Butterfield* v. *Forrester*, 11 East. 60, Lord Ellenborough stated it thus : " One person being in fault will not dispense with another's using ordinary care for himself. Two things must concur to support this action—an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." This mode of statement has been substantially followed in all the subsequent cases. The *gravamen* of the action is the negligence of the defendant, and as a general proposition it follows therefrom that the plaintiff cannot recover if it appears that his own negligence contributed in any degree to the injury which he has sustained. In a majority of cases doubtless this general rule will meet all the exigencies, but there are cases, of which we think this is one, where it does not seem to afford a satisfactory solution. Where the testimony is of such a character as to show affirmatively what was the conduct of both parties, it is undoubtedly adequate for all purposes ; but take a case where the testimony as to the defendant's conduct does not also show what was the conduct of the plaintiff, must the plaintiff go further and show that he exercised proper caution and prudence, or that no negligence on his part contributed in any degree to the injury ? If under the circumstances of the case he is able to show what his conduct was, it would be no hardship to require him to prove himself blameless ; but suppose he is unable, as in the present case, to show by direct testimony what his conduct was, is the jury bound, as a matter of law, to return a verdict for the defendant notwithstanding his fault is clearly established ? or, which amounts to the same thing, is the Court, in such a case, bound to nonsuit the plaintiff ? For the solution of such cases it is obvious that the rule already stated is inadequate.

In a general sense, the burden of proof is on the plaintiff, and he must undoubtedly make a case, in view of which the jury can say that they believe the injury was sustained through the fault of the defendant, unaccompanied by any

fault on the part of the plaintiff; but has he made such a case, as matter of law, or can he make such a case when he is wholly unable to make any proof as to his own conduct? Or, in other words, may the jury infer from the habits and character of the plaintiff, and from the natural instinct of self preservation, ordinary care and prudence on his part?

In *Lane* v. *Crombie*, 12 Pick. 176, it was said that the burden of proof is on the plaintiff, not only to show negligence and misconduct on the part of the defendant, but ordinary care and diligence on his own part. Thus stated, it would seem to follow that if he fails to offer testimony tending to prove ordinary care and diligence on his part there is no case for the jury. There are many other cases to the same effect, but they will generally be found in their facts and circumstances to be unlike the present. While we admit the general rule to be that the burden of proof is on the plaintiff to make a case which will leave him blameless, we do not understand that it follows that he must prove affirmatively, in all cases, that he exercised ordinary care and diligence. In the absence of any direct proof we are of the opinion that the jury are at liberty to infer ordinary care and diligence on the part of the plaintiff from all the circumstances of the case—his character and habits and the natural instinct of self preservation. To hold otherwise would be in effect to presume negligence on the part of one in excuse of negligence on the part of another. If the plaintiff makes a case which does not charge him with negligence, we think his case should be allowed to go to the jury. (*Johnson* v. *The Hudson River Railroad Co.*, 5 Duer, 21, and same case, 20 N. Y. 65; *Beatty* v. *Gilmore*, 16 Penn. State R. 463; *Button* v. *The Hudson River Railroad Co.*, 18 N. Y. 248; *Clark* v. *Kirwan*, 4 E. D. Smith, 21.) It should have been left to the jury to say whether the plaintiff's intestate exercised ordinary care and diligence, under an instruction from the Court that if he did not the plaintiff would not be entitled to a verdict.

The judgment is reversed and a new trial granted.