————o————

Wm. C. Barton, Respondent, *vs.* St. Louis & Iron Mountain Railroad Company, Appellant.

1. *Practice, civil, trials—Instructions—Negligence.*—When the facts are so clear and decided, that the inference of negligence is irresistible, it is the duty of the Judge to decide; but when the facts, or the inference to be drawn from them, are in any degree doubtful, the whole matter should be submitted to the jury under proper instructions.

*Appeal from St. Louis Circuit Court.*

*Dryden & Dryden,* for Appellant.

I. There being no evidence of any negligence on the part of the defendant causing the injury complained of, it was the duty of the court to direct the jury accordingly.

II. The facts being agreed by the parties or found by the triers, negligence is a question of law for the court. (Sherman and Redf. on Negligence, § 11, note 3; Purvis vs. Coleman, 1 Bosw., 326; Moore vs. Westervelt, Id., 357; Dascomb vs. Buffalo and State Line R. R. Co., 27 Barb., 227; Biles vs. Holmes, 11 Ire., 19; Heathcock vs. Pennington, Id., 642; Pittsburgh & C. R. R. Co. vs. McClurg, 56 Penn. St., 300; Indianapolis & C. R. R. Co. vs. Rutherford, 29 Ind., 82.)

III. If the facts exist which are referred to the jury, by the instruction, they are upon principle, as well as upon authority, a bar to the plaintiff's action. (Todd vs. Old Colony R. R., 3 Allen, Mass., 18; S. C., 7 Allen, 207; Indianapolis & C. R. R. Co. vs. Rutherford, 29 Ind., 82; Pittsburgh & Connellsville R. R. Co. vs. McClurg, 56 Penn. St., 294; Sherm. & Redf. on Negligence, § 281, p. 318; Louisville & Nashville R. R. Co. vs. Sickings, 5 Bush. (Ky.) 1.)

*Cline, Jamison & Day,* for Respondent.

The law is fully settled in this State, that the question of negligence is a question of fact to be submitted to the jury. (Kennedy vs. N. M. R. R., 36 Mo., 351; Hulsenkamp vs. Citizens Railroad Company, 37 Mo., 537; Winters vs. H. & St. Joseph R. R. Co., 39 Mo., 468; McPheeters vs. H. & St. Jo. R. R. Co., 45 Mo., 22; Morrissey vs. Wiggins Ferry Co., 43 Mo., 380.)

EWING, Judge, delivered the opinion of the court.

This is an action for damages for an injury received by the plaintiff while a passenger on one of defendant's cars. The evidence tended to prove that when injured the plaintiff was sitting in the rear car of the train, at or near an open window, and that the injury to his arm was caused by the car coming

in contact with a wagon loaded with a skiff among other things. As to the position of his arm at the time, whether inside or protruded out of the window, the evidence was somewhat conflicting.

There was a verdict and judgment for the plaintiff, and a motion for a new trial being overruled, the cause is brought to this court by appeal.

The court gave the following instructions to the jury at the instance of the plaintiff.

1. If the jury find that plaintiff was injured as charged in the petition, while being transported as a passenger in defendant's car from the city of St. Louis to the town of Carondelet, and that it was caused by the carelessness of defendant's agents and servants in running, conducting and managing said car or the train to which it was attached, without any fault, misconduct, or negligence on the part of plaintiff immediately contributing thereto then they must find for the plaintiff.

2. Although plaintiff may have failed to exercise ordinary care and prudence, while a passenger on defendant's car, which may have contributed remotely to the injury complained of, yet it the employees of defendant were guilty of negligence, which was the direct and immediate cause of the injury, and might have prevented it by the exercise of prudence and care, the defendant is liable.

The court refused to give the following instructions asked by defendant.

1. That although the jury may find from the evidence, that the plaintiff while riding as a passenger in defendant's car was injured, by having his arm broken, yet if they further believe from the evidence, that at the time such injury happened the plaintiff's said arm was by the inadvertence of the plaintiff protruded through and out of the window of the said car, and that but for his said arm being thus out of said window, the plaintiff could not and would not have received the injury complained of, the verdict should be for the defendant.

2. The court instructs the jury, that although they may believe from the evidence, that the plaintiff while riding as a

passenger in defendant's car was injured by having his arm broken, yet if they further believe from the evidence, that at the time such injury happened plaintiff's arm was by the inadvertence or carelessness of plaintiff protruded through and out of the window of said car, and that plaintiff was guilty of negligence in thus placing his said arm, contributing directly to the injury complained of, the verdict should be for the defendant.

The court gave the following instruction namely :

That although the plaintiff was injured by having his arm broken, yet if at the time of said injury, plaintiff by negligence or carelessness had his arm out of the window of said car, and that such negligence or carelessness contributed directly to the happening of such injury, the verdict should be for the defendant.

The principal question arises upon the first instruction asked by the defendant; whether the hypothetical facts of that instruction constituted negligence *in se* and barred a recovery. The instruction virtually assumes that it was immaterial in what manner or from what cause the collision which produced the injury occurred; that the protrusion of the arm of plaintiff out of the car-window was negligence, which must defeat the action, if in the language of the instruction the injury *could not* and *would not* have happened but for this act of the plaintiff.

It also assumes that there was no evidence of negligence on the part of the defendant or its employees ; that the fact of an obstruction being on or near the track was not to be considered by the jury in passing upon the question of negligence; that the defendant had no duty to perform in keeping a lookout for obstructions of this nature ; that although the engineer may have seen the wagon on or near the track before the collision occurred, it was not his duty to stop the train or endeavor to do so to avoid the danger. It also assumes as immaterial the fact that the collision happened at a place on the track, and under circumstances, which were not calculated to excite any apprehension of danger in the mind of a man of ordinary pru-

dence, who was a passenger, and situated as plaintiff was, or to call for extraordinary care on his part; and that no reasonable degree of vigilance could have foreseen or anticipated it. It also further assumes that the collision, sufficient to tear off the battings from the car, and also the hind steps of the car, could not have been the cause of the very act of the plaintiff, which is imputed to him as culpable negligence or inadvertence; that the force could not have been applied to the car in such a manner as to have irresistibly forced plaintiff's arm outside of the window; or that it could not have been an involuntary or mechanical movement, prompted by an instinctive shrinking from imminent danger, the nature of which he may have been equally disqualified at the time to comprehend or guard against.

All these circumstances were virtually excluded from the consideration of the jury by the instruction; and they all had a bearing directly or remotely on the question of negligence.

The negligence, which will prevent a recovery in such cases, is nothing more than the absence of proper care, such care as a person of ordinary prudence would exercise under similar circumstances; and this question is almost always more or less affected by the conduct of the defendant; a solution of it is rarely found in the conduct of the complaining party alone.

Inadvertence is not necessarily culpable. It may be so, or not, according to circumstances. The instruction assumes that it *was culpable* in the case before us. Negligence of such a character as to defeat the action is predicated of an act of inadvertence, which as we have seen may have been caused by the misconduct of the defendant, which misconduct the jury under the instruction would not have been permitted to consider. The evidence as already observed was conflicting as to the position of plaintiff's arm at the time the collision occurred, and also as to facts which tended to show negligence on the part of the defendant. Upon the state of facts thus disclosed the defendant insists, that the question of negligence should have been taken from the jury, and that the court should have declared as a matter of law, that if the plaintiff's arm was protruded

17—VOL. LII.

through the window by inadvertence, and the injury could not have resulted but for that act, there could be no recovery. .

The proposition is that negligence is a question for the court, not the jury. On this question there is an apparent conflict of authority but it is only apparent, so far as I have seen, with few exceptions.

In the State of Connecticut it seems to have been held in one case, that negligence is so peculiarly a question of fact, that it should be left to the jury even on a conceded state of facts. (19 Conn., 566.)

This in my view is erroneous. Whether it is a question for the court or the jury must be determined by the facts of the particular case. Negligence is in all cases in a certain sense a question of fact for the jury; that is, it is for the jury to determine, whether the facts bearing upon the question exist or not. But when the facts are undisputed or are so clearly proved as to admit of no doubt, it is the duty of the court to apply the law without submitting the question to the jury. This involves no invasion of the province of the jury, nor any infringement of their legitimate functions, no more than when the court passes upon a demurrer to the evidence, or on motions for new trials upon the ground of the want of any evidence to sustain the verdict of a jury.

In Keller vs. The New York Central Railroad Company, 24 Howard Pr., 172, this view is aptly expressed by the learned Judge, who says: " when the facts are so clear and decided, that the inference of negligence is irresistible, it is the duty of the Judge to decide; but when the facts or the inference to be drawn from them are in any degree doubtful, the only proper rule is to submit the whole matter to the jury under proper instructions. "

The only difficulty is in making a practical application of it to the particular case. The cases cited by counsel from Indiana, North Carolina and Pennsylvania, as I view them, are not inconsistent with this rule. There is nothing in those cases in my opinion, that warrants the deduction, that negligence is always a question for the court, and not for the jury.

In the case of Pittsburg C. R. R. Co. vs. McClurg, 56 Penn. St., 300, the evidence was not before the court, but it appeared from the record, that the plaintiff, McClurg, while a passenger on defendant's train of cars, suffered his elbow to project from the window of the car in which he was a passenger, and in passing a switch it came in contact with a car standing on the switch, and was broken. The court held upon the state of facts as matter of law, that plaintiff was guilty of a want of due care which would prevent him from maintaining the action. The court say, where a traveller puts his elbow, or an arm out of a car-window voluntarily, *without any qualifying circumstances impelling* him to it, it must be regarded as negligence *in se*, and when that is the *state of the evidence*, it is the duty of the court to declare the act negligence in law!

In some of the decisions of this court, language is employed to the effect, that the question of negligence is peculiarly and exclusively for the jury; but such language must be interpreted in view of the facts of the case, as they affect that question —not as legal propositions of universal application. There is an exception, however, in the case of Huelsenkamp vs. The Citizens Railway Company, 34 Mo., 54. The learned Judge says in delivering the opinion of a majority of the court: " A court cannot direct a jury that such or such supposed facts show negligence, or that such other supposed facts do not show negligence." The proposition here asserted is, that upon no state of facts is it the right or province of the court to apply the law, or pronounce the legal effects of facts affecting that question, however clearly proved, or even if they were undisputed. Such a proposition as we have endeavored to show is untenable.

The case of Devitt vs. The Pacific Railroad Company, 50 Mo., 302, is not in conflict with the rule above stated. The facts in that case, affecting the question of negligence of the deceased,—who was an employee at the time of the company— were undisputed; and the court held that it was a proper case therefore for instructing the jury, that certain enumerated facts (which unlike the case at bar were *all the facts*,) if found to

exist, constituted such contributory negligence as would prevent a recovery; and properly held the refusal to give such an instruction erroneous; there being no doubt as to the facts, nor as to the inference to be drawn from them, it was the duty of the court to declare their legal effect.

The instructions given by the court, taken together, present the law applicable to, the case, very fully and clearly.

The only remaining point is the refusal of the court to give an instruction in the nature of a demurrer to the evidence at the close of plaintiff's testimony. In this the court committed no error. The evidence adduced by the plaintiff showed that the injury to his arm was caused by a collision of the car with a wagon and skiff near the track, in the manner already described, and that the engineer could have seen this obstruction at the distance of some two hundred yards; that no warning was given by him to put on the brakes, and that the train might have been "broken up," or stopped by the time it reached the obstruction.

Upon this state of facts, the court properly refused to give the instructions asked.

Judgment affirmed. The other Judges concur.