[No. 3,904.]

## JOHN M. FLEMMING v. THE WESTERN PACIFIC RAILROAD COMPANY.

WHEN QUESTION OF NEGLIGENCE A MATTER OF LAW.—In an action to recover damages alleged to have been caused by the negligence of the defendant, when the facts are established by uncontradicted evidence, the question of negligence is a matter of law to be passed on by the Court.

CONTRIBUTORY NEGLIGENCE.—A person who is guilty of contributory negligence cannot recover damages, even if the defendant contributed to the loss by his negligence.

CASE OF CONTRIBUTORY NEGLIGENCE.—If a person is driving a four-horse team along a road running parallel with, and near to, a railroad, and is approaching a crossing, and the air is so filled with dust that he cannot see the railroad, and his wagon makes some noise, and he attempts to cross the railroad without stopping his team to listen for an approaching train, and his horses are killed by the engine, he is guilty of contributory negligence, and cannot recover damages.

APPEAL from the District Court, Third Judicial District, County of Santa Clara.

The defendant, after the plaintiff had rested, moved for a nonsuit, because:

First.—The evidence failed to show that the accident happened without any negligence on the part of the plaintiff contributing thereto.

Second.—The evidence showed that the negligence of the plaintiff did contribute to the accident.

The Court said that the question of neglect was a question for the jury, and not for the Court. There was sufficient evidence on that point to go to the jury, and the motion was denied. To which ruling the defendant excepted. The defendant appealed.

The other facts are stated in the opinion.

*S. W. Sanderson,* for the Appellant.

The plaintiff should have been nonsuited, or the verdict set aside upon the ground that it was contrary to the evidence. The ground of the motion was that the collision was the result, in part, at least, of the plaintiff's negligence. If such was the case, it is well settled, in this Court and everywhere else, that he cannot recover. (*Richmond* v. *S. V. R. R. Co.* 18 Cal. 351; *Gay* v. *Winter,* 34 Id. 153; *Needham* v. *S. F. and S. J. R. R. Co.* 37 Id. 409; *Kline* v. *C. P. R. R. Co.* 37 Id. 400; Sherman & Redfield on Negligence, Sec. 25; *Telfer* v. *Northern R. Co.* 30 N. J. (Law) 188; *Moore* v. *Central Railroad,* 4 Zab. 268; *Punyon* v. *Same,* 1 Dutcher, 556.)

It is equally well settled that where the facts clearly appear, and the course which common prudence dictated can be clearly discerned from the plaintiff's own showing, the question of his negligence becomes a question of law to be decided by the Court; and, if decided in the affirmative, that a nonsuit must be granted. (*Pittsburgh, etc., R. Co.* v. *McClurg,* 56 Penn. St. 294; *Glassey* v. *Hestonville, etc., R. Co.,* 57 Id. 172; *Biesiegel* v. *N. Y. Central R. Co.* 40 N. Y. 9; Sherman & Redfield on Negligence, Sec. 11, and cases cited.)

It may be safely conceded, for the purposes of this case, that where the testimony on the part of the plaintiff leaves

his conduct in doubt, the case should go to the jury, although a contrary doctrine is not without precedent. (*Walter* v. *Herron*, 22 Texas, 55.)

*Frs. E. Spencer*, for the Respondent.

The point made by appellant is that "the collision was the result in part of plaintiff's negligence," and that in consequence a nonsuit should have been granted. The answer is that the jury have decided otherwise, and the Court will not interfere.

"Ordinarily in cases of this description, the question whether the party injured was free from culpable negligence is one of fact to be determined by the jury." (*Ernst* v. *Hudson R. R. R. Co.* 35 N. Y. 10.)

"Particularly when it depends upon conflicting evidence or on inferences to be deduced from a variety of circumstances, in regard to which there is room for fair difference of opinion between intelligent and upright men." (Id.)

By the Court, CROCKETT, J.:

The action is for damages alleged to have been occasioned to the plaintiff's wagon and team through the negligence of the defendants' servants and agents. While crossing the defendants' railroad track, at a regular crossing, the wagon and team were struck by the engine of an approaching train, and three of the horses were killed and the wagon damaged. There was no contradiction in the evidence in chief as to certain prominent facts in the case. It was established by evidence in chief of this character: 1st. That immediately preceding the collision the plaintiff was driving his team of four horses, attached to the wagon, along the county road, which, for the distance of a mile, at that point, runs nearly parallel to the railroad track, and at no place within that space is distant from it more than two or three hundred yards, the distance growing gradually less as it approaches the crossing, at which point there are only a few feet between them. 2d. That the plaintiff was driving along the county road, in the direction of the crossing,

with the intention to cross the track at that point, and was perfectly familiar with the crossing, having passed over it on that morning and many times before. 3d. That the county road at that point was then extremely dusty, and there was little or no wind blowing, in consequence of which the dust raised by passing vehicles was not soon drifted away, but remained for a considerable time before it settled or was dispersed. 4th. That a short distance in front of the plaintiff, as he approached the crossing, and going in the same direction, were two other wagons and teams, which, together with his own, raised a cloud of dust which was so dense that he could not see the railroad track, nor even the fences along the county road, which were but a few feet distant. 5th. That the plaintiff's horses were trotting until he approached within about twenty-five yards of the crossing, when he reduced them to a walk, and continued that gait until he got upon the crossing, at which point there was a sharp, shrill whistle from the approaching engine which was near at hand, and, his horses becoming frightened and• unmanageable, were struck by the engine almost immediately after the whistle. 6th. That while in motion, the plaintiff's wagon and team produced considerable noise, calculated to obstruct his hearing; that the plaintiff did not stop his team to listen whether a train was approaching, but did listen "purposely" for that object while the team was in motion, and heard nothing to indicate the approach of the train. 7th. That for the distance of a mile before reaching the crossing there was nothing except the dust to hinder any one traveling the county road from seeing a train on the railroad. 8th. That on that trip the train was somewhat behind the regular time for passing the crossing. The evidence on these points was wholly uncontradicted; but, as usual in such cases, there was considerable contrariety in the evidence on the question whether the engineer gave the proper or any signal as he approached the crossing. At the trial the defendant moved for a nonsuit, which was denied, and an exception taken. A verdict and judgment having been rendered for the plaintiff, the defendant moved for a new trial, which was denied, and hence this appeal.

The motion for a nonsuit should have been granted. When the facts are admitted or established by uncontradicted evidence the question of negligence is a matter of law for the Court. (Sherman & Redfield on Negligence, Sec. 11, and cases cited; *Pittsburgh, etc., Railroad Company* v. *McClurg*, 56 Penn. St. 294; 57 Id. 172; *Biesiegal* v. *New York Central Railroad Company*, 40 N. Y. 9.)

In this case, on the plaintiff's own showing, he was guilty of contributory negligence, and is not entitled to recover, even though it be admitted that the defendant's employes also contributed to the loss, through their negligence. It is not easy to conceive of grosser negligence than that of a person driving a wagon with a four-horse team, when approaching a railroad crossing with which he is perfectly familiar, and which he intends to pass, while the atmosphere is so completely filled with dust that he cannot see the fences within a few feet of him, should attempt to cross without even stopping his team to listen for an appraching train. If his vision was so obscured by dust that he could not see a train within fifty feet of him, the most ordinary prudence would have suggested the necessity of stopping his team, that he might listen, under the most favorable circumstances, to ascertain whether a train was approaching. If the plaintiff had pursued this course, there can be no possible question that he would have escaped the collision. But the plaintiff testified that his wagon "made some noise," and every one knows that a four-horse team attached to a road-wagon traveling in a trot on an ordinary road will produce sufficient noise to seriously obstruct the hearing of the driver; and when going in a walk, though the noise may be less, it will necessarily be sufficient to impede the hearing to a considerable extent. As the plaintiff could not use his eyes with effect, it was incumbent on him, as a person of ordinary prudence, to make the best use of his ears, which he could not do, while his team was in motion. Upon the plaintiff's statement of the facts, we hold that he was guilty of contributory negligence, in failing to stop his team to listen for an approaching train.

If the plaintiff's negligence contributed to the accident, as we hold it did, it is immaterial whether or not the defendant's agents and servants were also guilty of negligence, in failing to give the proper signals or otherwise. Their failure to give the signals does not excuse the plaintiff for omitting the precaution which any person of ordinary prudence would have exercised under the circumstances. These views are supported by the following authorities and many others which it is unnecessary to refer to: Sherman & Redf. on Neg. Sec. 487, *et seq. C. & R. I. R. Co.* v. *Still,* 19 Ill. 499, 509; *Dascomb* v. *Buffalo, etc., R. Co.,* 27 Barb. 227; *North Penn. R. Co.* v. *Heileman,* 49 Penn. St. 60; *Wilcox* v. *Rome, etc.,* 39 N. Y. 358; *Havens* v. *Erie R. Co.,* 41 Id. 296; *T. & W. R. R. Co.* v. *Goddard,* 25 Ind 185; *Gordon* v. *Erie. R. R. Co.,* 45 N. Y. 661; *Baker* v. *Savage,* Id. 191.

Judgment reversed and cause remanded for a new trial.

Mr. Justice RHODES did not express an opinion.