[No. 3798.]

JEAN PIERRE DEVILLE v. THE SOUTHERN PA-
CIFIC RAILROAD COMPANY.

50  383
107  443

DAMAGES FOR INJURY BY RAILROAD.—The act of leaving a span of horses unhitched in close proximity to a railroad, at a time when the train usually comes along, is negligence, and if the owner afterwards, when the train arrives, and when the horses have moved to the track, attempts to rescue them, and is injured, he is guilty of additional negligence, which proximately contributes to his injury, and he cannot recover damages.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The plaintiff owned a span of horses and a wagon, with which he was engaged in peddling vegetables in the city of San Jose. On the 26th day of April, 1872, he drove his horses in front of the house of one Bertrand, in San Jose, not far from the railroad track, and left them unhitched while he went into the house with vegetables. He knew that the cars passed there every day at about that hour, but knew that his horses were accustomed to railroad trains, and were not frightened at them. On coming out of Ber-

trand's house, he saw his horses moving towards the railroad track, and pursued them, and caught hold of the lines just before they reached the track, and standing on the ground attempted to turn them, so as to avoid a collision. In doing so, the hind wheel of the wagon was struck by a car, and broken in pieces. The plaintiff was hit on the shoulder and thrown against the wagon, or to the ground, and his hand was injured so as to require amputation. The horses moved on a few paces, and stopped. This was an action to recover damages for the injury. When the plaintiff rested, the defendant moved for a nonsuit, which was denied by the court. The plaintiff recovered judgment, and the defendant appealed.

*S. W. Sanderson*, for the Appellant.

The court below erred in denying the defendant's motion for a nonsuit. The case made by the plaintiff shows that he was guilty of negligence, which proximately contributed to the injury which he received. Such being the case, he is not entitled to recover.

In considering the question whether the plaintiff's negligence proximately contributed to his injury, the degree of the defendant's negligence is immaterial. (*Kerwhacker* v. *Cleveland, etc., R. Co.*, 3 Ohio St. 172; *Galena, etc., R. Co.* v. *Jacobs*, 20 Ill. 478; *Macon, etc., R. Co.* v. *Davis*, 27 Geo. 113; *Wolf* v. *Beard*, 8 Carr. & Payne, 373.)

*D. M. Delmas*, for the Respondent.

It was not negligence for plaintiff to leave his horses unhitched. Plaintiff had been peddling vegetables for four or five years. He met the cars daily in this street, and his horses had never become frightened. The necessity of his business required that his team should remain unhitched, and this is a universal custom.

The court could not say that this was negligence. What universal custom sanctions in the case of peddlers, hackmen and teamsters cannot be called negligence. (Shear. & Redf. on Neg. 36.)

Plaintiff's attempt to rescue his property from danger was

not imprudent.   The question whether plaintiff was negligent, and whether his negligence was contributory, was properly determinable by the jury.   (*Scherhold* v. *N. B. & M. R. R. Co.*, 40 Cal. 447; *Kellogg* v. *The Chicago, etc.*, 26 Wis. 223; *Quirk* v. *Holt*, 99 Mass. 194.)

By the COURT:

The act of the plaintiff in leaving his team unhitched, in close proximity to the track of the railroad, at a time when the train usually came, was negligence on his part in the first instance.   When he subsequently, upon the arrival of the train, and when the team was upon the track, attempted their rescue, he was guilty of additional negligence, which proximately contributed to the misfortune which he suffered.

We think the motion for the nonsuit should have been granted.

Judgment and order denying a new trial reversed, and cause remanded.