[No. 5297.]

## JOSEPH FERNANDES *v.* THE SACRAMENTO CITY RAILWAY COMPANY.

CONTRIBUTORY NEGLIGENCE — WHEN A QUESTION OF LAW AND WHEN ONE OF FACT.—In an action to recover damages for an injury to the person, sustained by the alleged negligence of the defendant, the question of contributory negligence is to be decided by the Court as a question of law, when the facts are clearly settled, and the course which common prudence dictates can be readily discerned; but when the facts are doubtful, or when they are such that it is doubtful whether the act imputed to the plaintiff as negligence was such as a person of ordinary prudence would have performed, it is to be submitted to the jury, under instructions from the Court.

IDEM.—If, in such action, it is a question to be decided upon admitted facts whether a man of common prudence would have acted as the plaintiff did, and the common knowledge and experience of men do not make the Court to determine whether the plaintiff's conduct was negligent, the question of contributory negligence is to be submitted to the jury, under proper instructions.

IDEM.—In such action, the negligence of the plaintiff does not release the defendant from liability, unless it contributes proximately to the injury sustained by the plaintiff.

| | |
|---|---|
| 52 | 45 |
| 82 | 83 |
| 52 | 45 |
| 85 | 299 |
| 52 | 45 |
| 88 | 406 |
| 52 | 45 |
| 92 | 671 |
| 52 | 45 |
| 102 | 149 |
| 52 | 45 |
| 107 | 442 |
| 107 | 575 |
| 52 | 45 |
| 115 | 440 |
| 52 | 45 |
| 121 | 299 |
| 52 | 45 |
| 125 | 440 |
| 52 | 45 |
| 132 | 663 |
| 52 | 45 |
| 134 | 487 |
| 134 | 488 |
| 52 | 45 |
| 138 | 3 |

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

In reserving his exception to the charge of the Court, the appellant used the following language :

" And the plaintiff then and there objected [to] the giving of said instruction, and the same is here assigned as an error of law occurring at the trial of said case, and excepted to by plaintiff."

*Hamilton & Dunlap*, for the Appellant.

The second instruction (see folio 106 of Transcript) asked by defendant and given by the Court is not good law in this, that the Court instructs the jury that if the plaintiff contributed, *in any degree*, to the injury, he cannot recover, thereby holding him responsible, not for ordinary care and caution, and such care and caution as a prudent man would exercise under the same circumstances, but for the greatest and gravest caution or the slightest negligence. There might have been negligence in both parties, and yet the plaintiff entitled to recover. (Sedgwick on Damages, 580; *Clayard* v. *Dethick*, 12 Q. B. 439; Wharton's Law of Negligence, 341; *Cook* v. *Champlain Transportation Co.* 1 Den. 439; *Trow* v. *Vermont Central Railroad*, 24 Vt. 497; *Kerwhacker* v. *The C. C. R. R. Co.* 3 Ohio St. 172; *N. C. R. R.* v. *State*, 29 Md. 553; *B. & O. R. R.* v. *Trainer*, 33 Md. 342; *Isbell* v. *The N. Y. & New Haven R. R. Co.* 27 Wend. 404; *Sills* v. *Brown*, 9 Car. & P. 613.)

*McKinee & Welby*, for the Respondent.

A party whose negligence is the proximate cause of the accident cannot recover for the injury sustained. (*Flemming* v. *The W. P. R. R. Co.* 49 Cal. 253; *Deville* v. *S. P. R. R. Co.* 50 Cal. 383; *Potter* v. *C. V. N. W. R. R. Co.* 21 Wis. 377; 18 Cal. 351; 34 Cal. 153; 37 Cal. 409; 4 Zab. 268; 1 Dutch. 556; 56 Pa. St. 294; 40 N. Y. 9.)

By the Court, Crockett, J.:

The action is to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant's servant, and there is no controversy in respect to certain facts in the cause, which were established by uncontradicted evidence. These facts were that the defendant was the owner of a line of street cars, propelled by horses, in the City of Sacramento, and operated with a double track running easterly and westerly along K street; that the two tracks were separated by a space about five feet wide; the cars going west passing over the track on the

northerly side of the street, and those going east passing over the other track. That the cars were in the habit of passing over these tracks at short intervals, as was well known to the plaintiff, who was a laborer employed by the gas company, and when he received the injury complained of, was engaged with another laborer in laying a gas-pipe across K Street, beneath the railroad tracks; that on the southerly side of the street an open cut had been made across that side of the street northerly as far as the southerly side of the south track, beneath and across which an opening had been made sufficiently large to admit the pipe, but without disturbing the surface of the street within the track; that on the north side of this track, and in the space between the two tracks, an open cut had been made about three feet deep to receive the pipe, in which cut the plaintiff was at work when one of the defendant's cars, drawn by two horses and going east on the southerly track, approached the place at which the plaintiff was at work; that when opposite the plaintiff, the horses became frightened, and getting off the track, fell into the cut in which the plaintiff was at work, and thereby inflected upon him serious bodily injury. As to these facts there is no conflict in the evidence. The plaintiff claims, and there was evidence tending to prove, that the injury was caused by the negligence of the driver of the car, in approaching the cut at too rapid a gait, and holding the lines loosely in his left hand, while with his right hand he held a pipe in his mouth, and thereby lost control of the horses when they became frightened. There was, however, a substantial conflict in the evidence on this point. On this state of facts, the Court, on the request of the defendant, gave to the jury the following instruction:

"That if the plaintiff in this case was working in a dangerous place, and knew that the cars of the defendant, drawn by horses, passed the point of excavation in which plaintiff was working at stated periods, it was his duty to notice that fact, and get out of the excavation and away from the immediate vicinity of the track while the horses were passing, if they passed on time; and if he did not do so he was guilty of negligence, and not entitled to recover in this action, if that accident was the proximate cause of the injury."

The words, "if that accident was the proximate cause of the injury," are unintelligible in the connection in which they are used, and must be disregarded. There was no controversy at the trial as to any of the facts hypothetically stated in the instruction, unless it be on the question whether the place at which the plaintiff was at work was a "dangerous" place. The plaintiff admitted, on the witness-stand, that he knew that the cars, drawn by horses, passed the point at which he was at work every few minutes, and that he did not get out of the excavation and away from the immediate vicinity of the track while the horses were passing. The only fact left to the jury by the instruction, not admitted by the plaintiff, was, whether he was at work at a "dangerous" place; and in legal effect the instruction directed the jury that if the plaintiff was at work in a "dangerous" place, he was guilty of contributory negligence, and could not recover. The term "dangerous" was in no manner explained or qualified by the instruction, nor was the jury informed to what extent or under what circumstances it must have been "dangerous," in order to defeat a recovery. Under this instruction the jury was bound to find for the defendant, even though the place was rendered dangerous solely by reason of the gross negligence of the defendant or its servants, and that, too, without reference to the extent or degree to which it was dangerous, or to the question whether the fact that it was dangerous contributed proximately or only remotely to the injury. The serious injury suffered by the plaintiff conclusively proved that under certain circumstances it was dangerous to be in the excavation when the horses were passing, and the instruction practically took the case from the jury. It wholly ignored and excluded from the jury the question whether the place would not have been safe and free from danger in the absence of negligence on the part of the defendant or its servants; and also the further question, whether, if in any degree dangerous, it was sufficiently so to deter a person of ordinary caution and prudence from remaining in the excavation while the horses were passing. The principles decided in *Clayards* v. *Dethick*, 12 Q. B. 439, are strictly analogous to those involved in this case. In that case the defendant had dug a ditch through a

narrow alley-way leading from the plaintiff's stable, through which he was obliged to pass in removing his horses to the highway. A very narrow space was left on each side of the ditch, and along one of these spaces the plaintiff attempted to lead his horse, in doing which the horse fell into the ditch and was killed. The action was for the value of the horse, alleged to have been killed through the negligence of the defendant. The defense was that the plaintiff was guilty of contributory negligence in attempting to lead the horse along a place evidently dangerous. But the Court below submitted to the jury the question of the plaintiff's negligence, and this ruling was affirmed in the Court of Queen's Bench.

Patterson, J., said: "The whole question was, whether the danger was so obvious that the plaintiff could not in common prudence make the attempt. This was properly left to the jury."

Coleridge, J., said the question was properly left to the jury, "whether the plaintiff acted as a man of ordinary prudence would have done, or rashly and in defiance of warning. The plaintiff was not bound to abstain from pursuing his livelihood because there was some danger. It was necessary for the defendant to show a clear danger and a precise warning." So in the case at bar, the plaintiff had a right to pursue his work in the excavation, unless "the danger was so obvious" that "he could not with common prudence" continue it.

These questions should have been submitted to the jury, but the Court practically decided as matter of law that the plaintiff was guilty of contributory negligence by remaining in the excavation while the horses were passing; and this brings us to the inquiry under what circumstances the question of negligence is to be decided by the Court as a matter of law, and when by the jury as a mixed question of law and fact, under the instructions of the Court. The authorities on this point are not uniform, some of them holding that negligence is always a mixed question of law and fact to be submitted to the jury under instructions from the Court; while a great number of the modern decisions, (supported we think by the better reasoning) are to the effect, as stated in Shearman & Redfield on Negli-

gence, sec. 11, that, " when the facts are clearly settled, and *the course which common prudence dictated* can be readily discerned, the Court should decide the case as a matter of law." We adopted this rule in *Fleming* v. *W. P. R. R. Co.* 49 Cal. 253, and held as a matter of law, on the undisputed facts of that case, that the plaintiff had been guilty of contributory negligence and was not entitled to recover. We adhered to this ruling in *Deville* v. *S. P. R. R. Co.* 50 Cal. 383, nor do we see any reason to doubt its correctness. Negligence is always a mixed question of law and fact, and when the facts are doubtful they must be submitted to the jury under such instructions from the Court as will enable them to apply the law to the facts. But when there is no controversy as to the facts, and from these it clearly appears what course a person of ordinary prudence would pursue under the circumstances, the question of negligence is purely one of law. In such a case there is no function for the jury to perform in respect to the question of negligence. But there is a large class of cases in which, though all the facts are admitted, a question arises whether the act imputed to a party as negligence was such as persons of ordinary prudence would have performed under the circumstances, and the Court is unable to determine that question from the nature of the act itself and the other undisputed facts.' In such cases it should be submitted to the jury whether the act in question was such as ordinary prudence dictated, or to the contrary. The case of *Clayards* v. *Dethick*, above cited, forcibly illustrates the rule under discussion. It was admitted that the defendant had negligently dug a deep ditch through a narrow alley along which the plaintiff was entitled to pass with his horse, leaving a narrow margin at the sides, along one of which the plaintiff attempted to lead his horse, in doing which the horse fell into the ditch and was killed. There was no controversy as to these facts; but the Court being unable to determine whether a person of ordinary prudence would have attempted to lead his horse through the alley, under the circumstances, properly left that question to the jury. On the other hand, in *Fleming* v. *W. P. R. R. Co.*, we held that, on the facts admitted by the plaintiff, it was perfectly apparent that a person of ordinary prudence would not have acted

as he had done, and hence we decided, as a matter of law, that he was guilty of contributory negligence. These two cases will elucidate the question under review; and we deem it unnecessary to attempt a collation of the numerous authorities on the point. There can be no possible doubt, we think, both on reason and authority, of the correctness of the rule here announced.

As was said by Mr. Justice Johnson in *Ireland* v. *O. H. & S. Plank Road Co.* 3 Kern. 533, "It by no means necessarily follows, because there is no conflict in the testimony, that the Court is to decide the issue between the parties as a question of law. The fact of negligence is very seldom established by such direct and positive evidence that it can be taken from the consideration of the jury and pronounced upon as a matter of law. On the contrary, it is almost always to be deduced as an inference of fact from several facts and circumstances disclosed by the testimony, after their connection and relation to the matter in issue have been traced, and their weight and force considered. In such cases the inference cannot be made without the intervention of a jury, although all the witnesses agree in their statements, or there be but one statement which is consistent throughout. Presumptions of fact, from their very nature, are not strictly objects of legal science, like presumptions of law." In *Kellogg* v. *N. Y. Central R. R. Co.* 24 How. Pr. 177, Mr. Justice Mason, after quoting approvingly the foregoing opinion of Mr. Justice Johnson, adds: "What constitutes negligence in such cases is determined by an inference of the mind from the facts and circumstances of the case, and as minds are differently constituted, the inference from a given state of facts and circumstances will not always be the same. I admit the facts may be so clear and decided that the inference of negligence is irresistible, and in every such case it is the duty of the judge to decide; but when the facts or the inference to be drawn from them are in any degree doubtful, the only proper rule is to submit the whole matter to the jury under proper instructions." So, in *Gaynor* v. *O. C. & N. R. Co.* 100 Mass. 21, Colt, J., in delivering the opinion of the Court, said: "Courts must take notice of that which is matter of common knowledge and experience, and when the plaintiff's case fails to disclose the exercise of

ordinary care, judged of in the light of such knowledge and experience, he shows no right to a recovery. Ordinarily, however, it is to be settled as a question of fact in each case as it arises, upon a consideration of all the circumstances disclosed in connection with the ordinary conduct and motives of men, applying as the measure of ordinary care the rule that it must be such care as men of common prudence usually exercise in positions of like exposure and danger. When the circumstances under which the plaintiff acts are complicated, and the general knowledge and experience of men do not at once condemn his conduct as careless, it is plainly to be submitted to the jury. What is ordinary care in such cases, even though the facts are undisputed, is peculiarly a question of fact, to be determined by the jury under proper instructions. It is the judgment and experience of the jury, and not of the Judge, which is to be appealed to."

We think these cases, and many others of like import which might be cited, state the rule correctly; and the conclusion to be drawn from them is, that if it clearly appears from the undisputed facts, judged of in the light of that common knowledge and experience of which Courts are bound to take notice, that a party has not exercised "such care as men of common prudence usually exercise in positions of like exposure and danger," negligence in such a case is a question of law to be decided by the Court. In all other cases, the question must be submitted to the jury under proper instructions.

In support of these views we refer also to the late work of Mr. Field on the law of damages, who at page 519 states the rule to be that "to justify a nonsuit on the ground of contributory negligence, the evidence against the plaintiff should be so clear as to leave no room to doubt; and all material facts must be conceded or established beyond controversy." The rule we have announced is also supported by the following recent adjudications: *Johnson* v. *Bruner*, 61 Pa. St. 58; *Quick* v. *Holt*, 99 Mass. 164; *B. C. P. R. Co.* v. *Wilkinson*, 30 Md. 226; *Barton* v. *St. L. & I. M. R. Co.* 52 Mo. 253; *Rudolphy* v. *Fuchs*, 44 How. Pr. 155; *Sexton* v. *Zell*, 44 N. Y. 430; *Perkins* v. *Decker*, 21 Ohio St. 212.

At the trial, the Court, on the request of the defendant, instructed the jury that "the gravamen of this action is negligence of defendant, and plaintiff cannot recover if he contributed in any degree to the injury sustained by him." The instruction is erroneous, in that it omits the important qualification that in order to defeat a recovery the negligence of the plaintiff must have contributed *proximately* to the injury. Counsel contends that the instruction as given was authorized by the language of the opinion of this Court in *Gay* v. *Winter*, 34 Cal. 153 ; and in *Needham* v. *S. F. & S. J. R. R. Co.* 37 Cal. 409.

There are some isolated expressions in these opinions, which, if separated from the context, might lend some countenance to the proposition contended for; but, taking the opinions as a whole, it is perfectly plain that there is nothing in them to justify the conclusion drawn from them by the counsel. A question was raised at the argument whether the plaintiff had reserved exceptions at the trial to the instructions of which he complains. But though the language is somewhat ambiguous, we think it sufficiently appears that the exceptions were reserved.

Judgment and order reversed and cause remanded for a new trial.

Mr. Justice McKinstry, not having heard the argument, did not express an opinion.