Alvey, J.,
delivered the opinion of the court.
Fire having occurred, whereby the planing mill, and the other improvements, were destroyed, after the lease of the 20th of January, 1863, and while the lessees were in possession under the demise, the question is, whether they are entitled to hold the demised premises, for the residue of the term, as against the lessor, and those claiming under him, notwithstanding they are, by express provision of the lease, exonerated from the payment of rent. Having regard to the manifest intention of the parties, and to the fact that the appellant and his co-tenants avail themselves of the exempting provision of the lease, we think they are not so entitled.
The clause in the lease, in reference to the cessation of rent in the event that happened, must be taken as implying an obligation on the part of the lessees to surrender the premises upon the occurrence of the event that released them from the further payment of rent. Any other construction would work gross injustice, and contravene the plain purpose and design of the parties.
The principle of the case of Gates v. Green, 4 Paige, 355, if sound, would seem to be decisive of the question here. In that case, there was an express agreement between the lessor and lessee, that the rent should cease if the building ^leased should be casually destroyed, and that a stipulation to that effect should be inserted in the lease; but such stipulation was inadvertently omitted in the preparation of the lease, and the premises were afterwards accidentally burned. On bill in equity, the lessor was not only perpetually enjoined from prosecuting suit for the recovery of rent subsequently accrued, but the lease itself was decreed to be given up and cancelled.
We know of no principle of law to which that decision is opposed, and w7e think its good sense commends it to entire approval. See also Taylor’s Land. & Ten. sec. 375.
In this view of the case, the court below was clearly right in rejecting the prayer of the appellant; and, in granting the second prayer of the appellees, it but fairly and properly instructed the jury on the facts before them. The judgment must, therefore, be affirmed. Judgment affirmed.