## COVENANT OF LEASE OF PREMISES DESTROYED BY FIRE.

[Superior Court of Cincinnati, sitting in General Term.]

THE KENTON BAKING POWDER COMPANY v. EXECUTORS AND
TRUSTEES OF L. B. HARRISON, DECEASED.

Decided, August 4, 1903.

*Lease—Covenant to Pay Rent Unless Premises Are Destroyed by Fire
—Surrender of Premises—Section 4113 Construed.*

1. A covenant in a lease to pay rent "unless the premises are rendered
   untenable by fire" is sufficient to preclude a rcovery in an action
   for rent, *based on such covenant,* upon proof of such an untenable
   condition, without surrendering possession as required in Section
   4113.
2. Under said section compelling the lessee to "thereupon surrender
   possession," the lessee is entitled to a reasonable time to remove
   from the premises.

PFLEGER, J.; HOLLISTER, J., and FERRIS, J., concur.

In the action in the court below the plaintiff in error was held
liable upon the covenant of a lease to pay rent "unless the premises
should be destroyed or rendered untenantable by fire." The build-
ings were partially destroyed by fire September 12, and were
damaged "so badly as practically to make them useless." The
next day the tenant gave notice that it intended to give up the
premises and remove therefrom. It did not continue its business
thereafter, except to aid in ascertaining and adjusting the loss
with the insurance company, as did the landlord. Both litigants
assisted in removing the debris. No actual surrender was made
until October 19.

Is the lessee liable on the covenant?

Section 4113, R. S., provides, that unless otherwise provided by
a written agreement or covenant, the lessee shall not be liable
in case the building be destroyed by fire, and the lessee *"shall
thereupon surrender possession."* The trial court did not consider
the tenant entitled to a reasonable time to surrender possession
as in *Fleischman* v. *Toplitz,* 134 N. Y., 349 (although a similar
statute in New York was so construed), and held that Section
4113 as to surrender must be read in connection with the lease,

246 SUPERIOR COURT OF CINCINNATI.

Kenton Baking Powder Co. v. Harrison's Ex'rs. [Vol. I, N. S.

because the latter was not specific on that point; and that by so doing it conformed to the ruling in *Gay* v. *Davey*, 47 O. S., 396, and *Felix* v. *Griffiths*, 56 O. S., 39, quoting as the opinion of the court in the latter case, on page 49, the phrase, that the tenant "should not be liable to pay rent after a surrender of possession."

The case of *Gay* v. *Davey* was reversed by our Supreme Court on the ground that the district court erred in rendering a final judgment upon a mere reversal instead of remanding the same for retrial. Counsel in that case demanded relief from the payment of rent under a similar covenant of the lease as well as under that statute. Although the opinion is merely obiter, the court said, on page 402, "that the obvious design of this statutory provision is to relieve from hardship a tenant who has *inadvertently neglected to protect himself by express covenant in his lease.*"

"*But to secure the benefit of the statute* the tenant must surrender," etc., indicating what would be applicable to a supposed case. The tenant was held liable in that case for the use and occupation of part of the premises not destroyed.

In *Hilliard* v. *Gas Coal Co.*, 41 O. S., 669, our Supreme Court distinctly held that the provisions of this statute were designed "*to relieve the ignorant and inadvertent who might fail to protect themselves by special provision in their lease against the evil and mischief of the common law,*" and held our statute a substantial transcript from that of New York. In this case the tenant sought relief from the payment of rent because the premises became damp and unhealthy. The covenant in the lease provided that the lease itself and all rent thereon should cease in the event of a destruction of the premises. On page 666, although this was also obiter, the court said:

"If the demised premises had been destroyed . . . the lessee . . . would at least have been discharged from the payment of rent." "It was one of the covenants in the lease itself that it should become void and determined and all rent thereon should cease in the event of the destruction of the premises."

*Felix* v. *Griffiths, supra,* was an action by the tenant to recover back a portion of a monthly installment of rent paid in advance on premises destroyed during said month. This was disallowed on the ground that no provision for its repayment under such cir-

cumstances having been made under the contract, the common law rule prevailed, holding the tenant liable notwithstanding the destruction of the building by fire. There is nothing in this case applicable to the one at bar unless it be a restatement of the rule at common law. The citation above made from page 49 by the learned trial Judge as the result of these opinions and as the statement of a rule is clearly an inadvertence. The phraseology is a recital from the contract of lease in that case, and not the announcement of a rule.

Although the Supreme Court in this last case in construing such a contract of lease, which attempted to modify the common law, decided that the scope of the provision should not be extended beyond the plain import of the words used, yet by so doing conceded the right of the parties to abrogate or modify the rule of the common law by their own contract. We do not think this proposition can be assailed.

While the exception mentioned in Section 4113 refers to covenants in which it is affirmatively provided that the tenant shall pay notwithstanding such destruction, the statutory obligation to surrender the premises as a condition to avoid the payment of rent, under the authority of *Hilliard* v. *Coal Company* and *Gay* v. *Davey* is not applicable where the contingency has been prescribed for in the lease itself. The duties of the respective parties with reference to surrender, it is true, were not specified in the contract, but the covenant providing that the *payment of rent should cease* upon the happening of a contingency, is certainly plain and unambiguous. It was unnecessary to add the proviso regarding surrender, unless surrender was contemplated. The covenant ceased to exist when the fire occurred and absolved the tenant from such obligation irrespective of the question of surrender. 2d Taylor's Landlord and Tenant, Section 520; *Graves* v. *Berden,* 26 N. Y., 498; *Austin* v. *Field,* 7 Abbotts Pr. N. S., 29.

*Bushman* v. *Wilson,* 29 Md., 553, was an action in ejectment in which the tenant sought to enforce the lease and was decided on equitable principles.

The action here was upon the covenant in the lease and not for use and occupation. It is unnecessary for us to decide what other remedy, if any, the plaintiff should have pursued. .

And if we should be mistaken about this, we are inclined to believe that the word "may" surrender possession on the part of the tenant in the New York statute instead of the word "shall" as provided in Section 4113 of our statute does not make such surrender permissive and distinguish the New York cases from those in Ohio. Our Supreme Court has said that they were substantially similar in *Hilliard* v. *Coal Co., supra,* and *Gay* v. *Davey, supra.* We also believe that if a surrender were necessary that the tenant had the right to remove his property from the premises within a reasonable time. *Fleischman* v. *Toplitz, supra; Bassett* v. *Dean,* 34 Hun., 250 *Zimmer* v. *Black,* 37 N. Y., St. Rep., 312; *Decker* v. *Morton,* 31 N. Y. App. Div., 469; *Roach* v. *Peterson,* 47 Minn., 462.

The manifest justice of such a reasonable time is peculiarly applicable to a state of facts like the case at bar, in which the tenant sought to recover a boiler and engine in the cellar, covered by the debris of four or five floors requiring many days for removal, and where both parties had personal property which it was sought to obtain and remove.

We find no error in the ruling of the trial court regarding the liability of the tenant for the failure to remove the debris of its own property, either under the common law rule or the covenant to deliver the premises in good order; nor of the finding of fact that the defendant dumped or shoveled the rubbish from one building into the cellar of the other, instead of removing the same. Whether the plaintiff below can amend his petition in this proceeding and sue for use and occupation, we need not determine.

On the motion to strike the bill of exceptions from the files, we are of opinion that the law passed October 22, 1902, for the filing of bills of exceptions did not affect pending actions until January 1, 1903; that it did not affect this case, and that the bill was properly and sufficiently executed under the law passed May 7, 1902 (94 O. L., 418) ; *Pittsburgh Coal Co.* v. *Youghiogheny Coal Co.,* Ohio Law Reporter, page 356 (to be published in 68 O. S., 378).

Judgment reversed and case remanded for further proceedings.

*A. B. Huston* and *W. Tyson Judkins,* for plaintiff in error.

*F. O. Suire,* for defendant in error.