LENIX v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Negligence**: RAILROADS. One who goes upon a railroad track is bound to look and listen for approaching trains; and if he fails to do so he cannot complain of any injury he may sustain, though the company may be remiss in giving the customary signals.

2. ————: CONTRIBUTORY NEGLIGENCE. It is the duty of the court, when the facts constituting direct contributory negligence are undisputed to declare to the jury that they bar recovery by the plaintiff.

3. ————: CASE ADJUDGED. Judgment for plaintiff reversed because the evidence in the record shows he was not entitled to recover.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

This was an action for damages for the loss of an arm by being run over by defendant's locomotive and tender. The diagram on the next page represents the locality at which the accident occurred.

Plaintiff testified that the accident occurred at night; that it was very dark and the wind was blowing very hard; that he was employed as brakeman on the North Missouri Railroad ; that he got on an engine of that company at the State Line House and rode eastward to within sixty or seventy feet of the Fort Scott Railroad track in Santa Fe street, where he got off on the side next to the Missouri Pacific track, which was only eight or ten feet distant; stopped to wait till the North Missouri train should pass, and while standing there was struck by defendant's tender running in advance of the engine, and was knocked down and run over by both tender and engine; was standing still, with his back to defendant's track when struck; as he stepped from the North Missouri engine, he looked both east and west, and could not and did not see any train approaching on the Missouri Pacific track; when the engine

Lenix v. The Missouri Pacific Railway Company.

had passed over him he looked after it and could see no headlight; there was none on that part running in advance; no signals were given while approaching Santa Fe street; if there was any light it was out of sight; gave a careful look behind and thought he could see ahead; was always careful at that place; was familiar with it; tracks very thick there and trains run reckless.

Cross-examined, the witness said that he was careful because he knew the danger; the ground was open; a headlight could be seen in either direction a quarter of a mile, east or west; heard his own train whistle; it was moving three or four miles an hour when he got off; would say the Missouri Pacific train was running at least ten or twelve miles an hour, running west.

James McLaughlin, a witness for plaintiff, testified that he was conductor of the train on which plaintiff was brakeman; was standing on south side of his train when the accident occurred; saw the Missouri Pacific train pass; when he first saw plaintiff he was wheeling around between the two tracks, had been hurt; Pacific train was moving slowly, could not determine the rate of speed; heard no signals from any train except the North Missouri; saw no headlights or signal lights, did not notice any; the Missouri Pacific engine might have whistled, or its bell been rung and he not heard it; was not thinking of any other train coming, but would have noticed one if it had had headlights.

N. Wager, yard-master of the North Missouri Railroad, a witness for plaintiff, testified that the Missouri Pacific train did not stop before crossing Santa Fe street; did not give any signals that he heard; they might have been given, but he did not hear any; if they were given it was while the North Missouri engine was whistling; noticed no light on Missouri Pacific train but the cab light; there might have been others, but he did not see them; would not say that he did not see a headlight; did see a headlight, but whether lighted or not he could not say; the train was going ten or twelve miles an hour; the noise of the North Missouri train could not have drowned the ringing of a bell; the North Missouri had a switch engine near by blowing off steam at the time.

W. H. O'Brien, a witness for plaintiff, testified that he was engineer in charge of the engine on which plaintiff was riding; saw plaintiff get off, but did not see the acci-

dent; saw the Missouri Pacific engine, but could not say how fast it was moving; heard no bell or whistle from it, but did hear it running over the crossing-frogs; there was no headlight on the tender which was in advance, did not see any one on the foot-board of the tender; did not think there was a foot-board; if there was a foot-board, there might have been men standing on it, and he not see them.

H. P. Fisher, a witness for plaintiff, testified that he was the engineer in charge of engine on Fort Scott Railroad; his engine was standing in Santa Fe street about 100 feet north of Missouri Pacific crossing; first saw Missouri Pacific engine approaching from the east about 200 yards away; saw lights in the cab of the engine; heard no signals; could not say if there was any whistling; his own engine was making a good deal of noise; saw no men on foot-board of tender on Missouri Pacific engine.

This was the substance of the evidence given by plaintiff on the subject of negligence.

Defendant offered the testimony of the engineer, fireman and two other persons who were on its engine, by whom it showed that there were two headlights, one in front of the engine and one on the rear end of the tender, both lighted; that there were also two lighted lanterns on the engine, exposed to view; that the engine stopped before reaching Santa Fe street and whistled three times; was not moving after it crossed Santa Fe street faster than two or three miles an hour; rang the bell all the time; saw no one on the track, and did not know that any one had been hurt, till they heard it next morning.

M. Tuite, a witness for defendant, testified that he was running an engine of the Fort Scott company at the time of the accident; saw the Missouri Pacific engine coming from the east; saw the headlights on it, one before and one behind; heard whistles and bells all the time.

John Meyer, a witness for defendant, testified that he was a switchman in the Missouri Pacific yards; saw

plaintiff soon after he was hurt; asked him how it happened; he said "I don't know, but when I jumped off our train the Missouri Pacific switch engine did.it."

Pat. O'Brien, for defendant, testified that he was watchman at the crossing of the street next west of Santa Fe street, saw one headlight burning on the back of the tender as it was backing up toward him; noticed no signals; heard bell and whistles, but did not notice on what trains.

*Thos. J. Portis* and *E. A. Andrews* for appellant.

*Logan, White & Wiley* for respondent.

SHERWOOD, C. J.—Action for damages for injuries received by plaintiff from the cars of defendant. We discover no ground whatever for the recovery which plaintiff obtained in the trial court. The concession may be made notwithstanding the positive testimony to the contrary, that the defendant failed to give the usual signals before reaching the street crossing, which was some sixty or seventy feet east of the locality of the accident, and still the undisputed facts of the plaintiff's own negligence, directly contributing to the injury he suffered, must exempt the defendant company from any legal liability and preclude him from any recovery.

He had been engaged on railroads for some eight years, and in that capacity for some four years in the vicinity of the accident, and consequently was thoroughly aware of the dangers incident to this particular locality, as he himself has testified. He sprang from a train of moving cars on the track of the North Missouri Railway, then moved northward across the space between the track of that company and that of the defendant, a space of eight or ten feet, then immediately faced about south looking toward the train he had left, when in "a very few seconds" after springing from the train and assuming the position mentioned, he was struck on the hip by one of the passing

and western bound trains of the defendant, as it is alleged, which passed on the north of him. The night was very dark and the wind blowing very hard, but the train approaching on defendant's road from the east could have been seen, and was seen by one of plaintiff's witnesses, 300 or 400 feet distant, and was heard by another one of plaintiff's witnesses as it came over the crossing-frogs, who saw it just the other side (east) of the crossing. Another witness for plaintiff testified, that when on the Fort Scott Railway track, which crosses that of the defendant, and when 100 feet north of the crossing, he saw defendant's train cross his track 200 yards to the east of him. It is very plain, therefore, that plaintiff's injury is the result of his own gross carelessness and directly attributable thereto.

The duty of one who goes upon a railroad track even where there is a street crossing, as is not the case here, has been so often defined that it grows monotonous to be continually reiterating the same principle. He must use his eyes and his ears; he must look and listen; and if he fails to observe these most obvious dictates of prudence, when approaching such dangerous machinery as a moving railroad train, he has no room for just complaint if he suffers injury solely because of his neglect to use such reasonable and prudent precautions, although the railway company has been remiss in its duty in respect to giving the customary signals.

And it is the duty of the court when the facts constituting direct contributory negligence are undisputed, to declare to the jury the inference which the law draws from the facts, which inference bars the plaintiff of any recovery. *Powell's case, ante*, p. 80. Therefore, judgment reversed. All concur.