GEORGE R. A. FOWLER, Respondent, v. MARY L. RANDALL, Administratrix, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Negligence: PROXIMATE CAUSE: DRUGGISTS: EVIDENCE.** In an action for damages against a druggist, the respondent offered to prove the sale of morphine without labeling it "Poison." The trial court held the negligence was not the proximate cause of the injury since the injured party knew it was morphine, and rejected the evidence. *Held*, the question of proximate cause thus went out of the case.

2. ———: **PRINCIPAL AND AGENT: PRESUMPTION AS TO AGENT'S COMMUNICATION OF INFORMATION.** The principal is charged with the information of his agent, and whether the latter disclose the same or not he is conclusively presumed to have done so.

3. ———: **DRUGGISTS: SALE OF MORPHINE: CONTRIBUTORY NEGLIGENCE.** The evidence relating to the negligence of plaintiff's wife in taking certain morphine, sold her by defendant's intestate, is reviewed by the court and deceased is held guilty of contributory negligence.

4. ———: **CONTRIBUTORY: LAW AND FACT: ORDINARY CARE.** Most generally contributory negligence is for the jury, but when the facts are undisputed and are such that reasonable minds can draw but one inference therefrom, it is the province of the court to determine the question; and the negligence which prevents a recovery is simply absence of such proper care as a person of ordinary prudence would exercise under similar circumstances.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry*, Judge.

REVERSED.

*Marley & Swearingen* for appellant.

(1) It was not within the scope of the clerk's authority, as an employee of Randall, to undertake to prescribe doses of morphine. "A druggist is one who compounds or prepares drugs according to medical pre-

scriptions given by physicians." Century Dictionary; Bishop on Non-Contract Law, sec. 716. (2) The failure to label the morphine "Poison" was not the proximate cause of death. The nature of the drug was known to deceased. Fisher v. Golladay, 38 Mo. App. 540; Ashbrook v. Company, 18 Mo. App. 290; Wohlfart v. Beckert, 92 N. Y. 490; Hacket v. Pratt, 52 Ill. App. 347; Washington v. Railroad, 17 W. Va.; Hognagle v. Railroad, 55 N. Y. 608; Carter v. Towne, 98 Mass. 567; Mill Co. v. Oil Co., 11 C. C. A. 257. (3) The girl secured the drug called for and there is no claim of receiving a poisonous drug for an innocent one. Getting the drug she called for, there is no liability. Brunswig v. White, 70 Tex. 504; Jones v. George, 56 Tex. 149. (4) The sale was made to the girl, who did not disclose her agency, and Mary Fowler was not in privity with defendant. Davidson v. Nichols, 93 Mass. 514; Lampert v. Light Co., 14 Mo. App. 390; Davidson v. Nichols, 11 Allen 574; Winterbottom v. Wright, 10 Mees. & W. 109. (5) Failing to prescribe and put up in doses would be a breach of a contract, to make which the clerk had no authority, and we also deny that such a contract was made, but on that theory and assuming that the girl was the agent of Mary Fowler, then Mary Fowler was bound by the girl's observation and knowledge as much as though she personally bought the drug and saw that the clerk did not undertake to dose it out, and as though the clerk personally told her "he didn't know" how many grains there were; in fact, bound by everything he said to her, or did, or failed to do, in her presence. Henderson v. Botts, 56 Mo. App. 141; Bruen v. Fair Ass'n, 40 Mo. App. 425. (6) To take the morphine, under the circumstances shown by the evidence, was contributory negligence. She had the danger in mind. Fisher v. Golladay, 38 Mo. App. 542; Hacket v. Pratt, 52 Ill. App. 347; Meyer v. King, 72 Miss. 1; Wohlfart v. Beckert, 92 N. Y. 490. (7) Being bound to know all her agent knew, and being warned by her agent that she was taking too much of a drug she knew to be poison,

Mary Fowler was guilty of such imprudence as should bar a recovery. Madison v. Railroad, 60 Mo. App. 605; O'Donnell v. Patton, 117 Mo. 20; Carroll v. Transit Co., 107 Mo. 662; Kearney v. Railway, 15 Mo. App. 576; Leduke v. Railroad, 4 Mo. App. 485.

*John A. Eaton* and *W. R. Thurmond* for respondent.

(1) The appellant has failed to point out wherein any of the instructions given on behalf of respondent are erroneous. (2) Taking the morphine under the circumstances was not negligence any more than for any sick person to take a dose of medicine put up by a druggist. The deceased, as shown by her statement, relied upon the knowledge of the druggist. She had a right to assume that the druggist had a better knowledge of the amount of morphine constituting a dose than the girl who said she thought it was too much. Besides, whether the deceased was guilty of contributory negligence was a question for the jury under the instructions of the court. Young v. Railroad, 72 Mo. App. 263; Lamb v. Railroad, 143 Mo. 171; Graney v. St. Louis, 141 Mo. 180.

SMITH, P. J.—George S. Randall, the defendant's intestate, was a statutory druggist and pharmacist who owned and carried on a drugstore in which one Petrie, presumably also a statutory druggist and pharmacist, was clerk. On an occasion when Randall was absent from his store and Petrie was in charge of it, the latter made a sale of morphine to Vehrlee Ashcraft, a girl about fourteen years old. It appears that the girl who lived in the second story of the house occupied by plaintiff's wife was requested by the latter to go to a drugstore and purchase ten cents worth of morphine *in doses*. Accordingly the girl went to Randall's store and there told his clerk that she wanted "a dime's worth of morphine and to please dose it out," and "he went

to the drawer and got two packages and handed them to me." As "I started away I asked him how many grains it was and he said he did not know. I asked him if that was the kind that made you sleep and he said, 'Yes, that will make you sleep all right.'"

The girl then took the two packages to the plaintiff's wife, who put the contents of one of them, which was in lumps, into a glass of water when the girl told her not to take all of them (the lumps) for she (the girl) thought it was too much, but the plaintiff's wife remarked in reply to this, that "she guessed the druggist knew what he was doing or ought to," and then drank the potion. The girl testified that she did not tell the plaintiff's wife that the morphine she brought her was not in doses. It appears from the subsequent admissions of the girl that she knew that morphine was a poisonous drug. It appears that the two packets purchased by the girl of Randall's clerk contained five grains each.

The plaintiff's wife died from taking one of these packets four days afterwards. This suit was brought by plaintiff against Randall on the ground that his wife's death was caused by the latter's negligence in sending her morphine in two packages in the quantities therein contained in violation of the instructions of the former's wife to put it up in doses, etc. There was a trial and judgment for the plaintiff and defendant appealed.

Our attention has not been called by the defendant to any error or infirmity in any of the instructions given for plaintiff, nor do we find any reason assigned why any of the defendant's refused instructions, except that in the nature of a demurrer to the evidence, should have been given. As we understand it, the defendant assails the judgment on the ground that the case was one for the court and not for the jury to decide.

While the trial was going on, the plaintiff offered to prove that the two packets of morphine that were sold to his wife by Randall were not labeled and marked

as required by section 3044, Revised Statutes, but the court rejected such offer on the ground that the plaintiff's wife knew what the contents of the packets were and consequently the defendant's failure to comply with the statutory requirements was not the proximate cause of the result of which complaint is made. The question of proximate cause was in that way eliminated from the case; and is not presented to us for decision by the defendant's appeal.

And as to the question of contributory negligence, it is to be observed that the statute, sections 3040, 3044, Revised Statutes, impliedly forbids a registered pharmacist or druggist to sell poisonous medicines in quantities or doses, except upon the prescriptions of a practitioner of medicine. The license of the former confers no such privilege, unless in cases falling within the exception. No one can be heard to claim ignorance of a public statute. Townsend v. Finley, 3 Mo. (205) 289. The plaintiff's wife either knew or ought to have known that a druggist or pharmacist was forbidden by the statute to prescribe poisonous medicines, such as morphine, in quantities or doses. When through the girl, who was her agent, she requested Randall to sell her ten cents worth of that poisonous drug "in doses" she knew that he was not privileged by law to do so. But if he had been authorized to sell it in doses without the prescription of a physician, he could not have complied with the request so made by plaintiff's wife. What would be a dose would most manifestly vary according to the condition of the health, habit, age, strength, etc., of the person intending to take it. As for example, a dose that would be proper for one accustomed to its use would be fatal to others, and so a dose that would be proper for a strong, healthy adult would be improper and perhaps fatal to one who is aged, weak, infirm or very young. Without a statement accompanying the request indicating the habits, age, strength, ailment for which it was to be used, and the like, no druggist, nor

even the most reckless physician, would venture to comply with it. The request as to the "doses" was so vague and uncertain in its terms that it amounted to no request at all and was so unreasonable as to that, that it could not be heeded by any one. As to all that part of it beyond the "ten cents worth of morphine" it contained no request at all and should, as it was, have been disregarded. The request, then, was no more than that for "ten cents worth of morphine."

As just stated, Randall, or his clerk acting for him, did not pay any attention to the "dosing" part of the request of the girl. He did not "put it in doses." The girl knew that the two packets were not doses, but she did not know the number of grains contained in each or both. She knew the nature of the contents of the two packets. She knew it to be poison. She was the agent of plaintiff's wife intrusted with the purchase of the morphine. The law imputes to a principal and charges him with all notice or knowledge relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority. Mechem on Agency, sec. 721; State ex rel. v. Sitlington, 51 Mo. App. l. c. 252, and cases there cited. And this whether the agent has disclosed his knowledge or information to the principal or not; the law, subject to certain exceptions, not necessary here to notice, conclusively presumes that he has done so, and charges the principal accordingly. Mechem on Agency, supra; The Distilled Spirit, 17 Wall. 367.

The case of Fisher v. Golladay, 38 Mo. App. 531, was unlike this. In that case the purchaser asked for sulphuric ether and was given sulphuric acid; while in this case, morphine was requested, and that drug was furnished. In one case the injured party was not furnished with the drug he asked for, while in the other he was. In one, the purchaser did not know, independent of his agent's knowledge, of the poisonous character of the drug sent him, while the converse was true in the

other. In the one, had the drug furnished been labeled "poison" the injury would have not have happened, while in the other it would have made no difference. We do not therefore think that the ruling in that case denying the agency can be invoked and applied in a case like this, where the facts are so different.

It results that this case at last may be stated in this wise: that is to say, that the plaintiff's wife purchased of Randall ten cent's worth of morphine in two packets, the quantity or number of grains contained in one or both of them being unknown to her. The agent of plaintiff's wife at the time of the purchase, was apprised of the poisonous properties of the drug, and this apprised the plaintiff's wife herself. When she was about to take the contents of one of the packets, the girl told her not to take all of it as she thought it was too much. This was actual warning to the plaintiff's wife of the danger. But it seems that the latter, independent of the knowledge acquired through the girl in either way, knew that the drug was poisonous, for when the girl advised her, as just stated, she remarked that "she guessed the druggist knew his business." This remark implied that she understood that the contents of the packet she was about to swallow contained morphine, but it can not be taken to imply that she supposed that each of the packets contained but a single dose put up by the druggist, Randall, because, as we have seen, she knew or must be held to have known to the exact contrary. The remark must be construed with reference to the knowledge of the plaintiff's wife then had. She knew that the packet she was then about to take had not been put up by her druggist as a dose. She could not have meant to state that she was relying on a fact which she knew was not an existing fact. The plaintiff's wife, therefore, blindly and recklessly took a packet of morphine at a single dose, without knowing how many grains it contained, and without knowing

whether the quantity if taken was a proper or fatal dose.

From her act but a single inference is to be drawn and that is one of negligence. But it is contended that the question of negligence is one for the jury and not for the court. Young v. Railroad, 72 Mo. App. 263; Graney v. St. Louis, 141 Mo. 180. It is quite true that this is most generally so, but when the facts, as in this case, are undisputed and are such that reasonable minds can draw no other inference from them than that the plaintiff's wife was or was not at fault, then it is the province of the court to determine the question of contributory negligence as one of law. Beach on Contributory Negligence, sec. 447, and cases there cited; Lenix v. Railroad, 76 Mo. 86; Butts v. Railroad, 98 Mo. 272; Fink v. Furnace Co., 10 Mo. App. 61. The negligence which will prevent a recovery is nothing more than the absence of proper care—such care as a person of ordinary prudence would exercise under similar circumstances. Barton v. Railroad, 52 Mo. 253; Doss v. Railroad, 59 Mo. 27. The facts in this case are undisputed and are such it seems to us that reasonable minds can draw no other conclusion from them than that the plaintiff's wife was at fault, and, therefore, the trial court should have determined the question of contributory negligence as one at law, and accordingly given defendant's instruction telling the jury that under the pleadings and evidence there could be no recovery.

The judgment will be reversed. All concur.