LUTHER C. MEYERS, Respondent, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 23, 1903.

1. **CONTRIBUTORY NEGLIGENCE: Jury Question: Law Question.** Generally the question of contributory negligence is for the jury, but where the facts are undisputed and are such that reasonable minds can draw but one inference therefrom, it is the province of the court to determine the question as one of law.

2. ———: **Measure of Proper Care: Facts.** The negligence that precludes a recovery is nothing more than the absence of such care as a person of ordinary prudence would exercise under similar circumstances, and on the facts the plaintiff is held guilty of contributory negligence.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

Reversed.

*M. A. Low, W. F. Evans* and *Frank P. Sebree* for appellant.

(1)   The court committed error in refusing to give the demurrers to the evidence requested by the defendant.   There was no negligence proven against the defendant, but the evidence shows that it was the plaintiff's own negligence and want of care, in driving out of the roadway on the sidling, slippery ground, that caused the accident. Guffey v. Railroad, 53 Mo. App. 462; Holt v. Railroad, 84 Mo. App. 443; Hysell v. Swift, 78 Mo. App. 39; Brewing Association v. Talbot, 141 Mo. 674; Young v. Railroad, 93 Mo. App. 267; Fuchs v. City of St. Louis, 167 Mo. 620; Laflin v. Railroad, 106 N. Y. 136; Higgins v. Railroad, 73 Ga. 149; Ray on Negligence of Imposed Duties, pages 133, 134; Webb's Pollock on Torts (Enlarged Am. Ed.), pages 45, 46; Cohn v. Kansas City, 108 Mo. 387.

*J. H. Wise* and *Hamilton & Dudley* for respondent.

(1)   The defendant was bound to keep its roadway reasonably safe for travel, and its failure to do so was negligence.   Moore v. Railroad, 84 Mo. 488; Sweaney v. Railroad, 10 Allen 368; Latham v. Roach, 72 Ill. 179; Railroad v. Brigham, 29 Ohio St. 374; Tremblay v. Harmony Mills, 12 Am. Neg. Rep. 132; Bennett v. Railroad, 102 U. S. 577; Cooley on Torts, 604, 607; Railroad v. Barnhart, 115 Ind. 408; Phillips v. Library Co., 55 N. J. L. 313; Pearce v. Humphrey, 34 Fed. 284; Railway v. Orr, 46 Ark. 202; Nave v. Flack, 90 Ind. 209; Brezee v. Powers, 80 Mich. 177, 70 N. W. 1108; Cogdill v. Railway, 124 N. C. 306; Rosebaum v. Shaffer, 98 Tenn. 634; Lowe v. Salt Lake City, 13 Utah 97, 44 Pac. 1051. (2)   In an action for injuries alleged to have been caused by defendant's negligence, the presumption will be indulged, in the absence of evidence to the contrary, that the plaintiff exercised due care.   Holding v.

St. Joseph, 92 Mo. App. 143; Weller v. Railroad, 120 Mo. 650; Meadows v. Ins. Co., 129 Mo. 93; Bluedorn v. Railroad, 108 Mo. 448.    (3)    Under the evidence in this case plaintiff had the right to drive where he did and was not negligent in doing so.    Perette v. Kansas City, 162 Mo. 238.    (4)    Where there is substantial evidence on which to base the verdict of a jury, the appellate court will not undertake to retry the case upon the facts and thereby usurp the province of the jury. The only extent to which the court will be warranted in going in examining an assignment that the verdict is not supported by the evidence is to carefully guard against verdicts based on insufficient testimony and those that are the result of passion and prejudice on the part of the jury.    State v. Woodward, 171 Mo. 593; Bailey v. Gunning, 155 Mo. 682.    (5)    The court committed no error in submitting the case to the jury.    James v. Railroad, 107 Mo. 480; Henry v. Railroad, 76 Mo. 293; Schumaker v. Railroad, 48 N. W. 559; Railway v. Kellogg, 94 U. S. 469; Spry v. Railway, 73 Mo. App. 203; Hansberger v. Electric Light and Power Co., 82 Mo. App. 579; Fulks v. Railroad, 111 Mo. 335; Schepers v. Railway, 126 Mo. 665; Doss v. Railway, 59 Mo. 27; Swigert v. Railway, 75 Mo. 475; Leslie v. Railway, 88 Mo. 51; Clotworthy v. Railroad, 80 Mo. 221; Strauss v. Railroad, 75 Mo. 185; Weber v. Railroad, 100 Mo. 194; Railroad v. Neighswonger, 41 Kas. 626; Kenchlow v. Elevator Co., 57 Kas. 378; Eberle v. Railroad, 96 Mo. App. 361-368; Gannen v. Gas Co., 145 Mo. 502; Scherny v. Bank, 148 Mo. 265; Gregory v. Chamber, 78 Mo. 294; Wolf v. Campbell, 110 Mo. 114; Mineral Land Co. v. Ross, 135 Mo. 107; Schroeder v. Railroad, 108 Mo. 322; Daviess v. Railroad, 159 Mo. 1; Barton v. Railroad, 52 Mo. 253; Pendrill v. Railroad, 34 N. Y. Sup. Court 481; Dickens v. Railroad, 1 Abb. (N. Y.) App. 405; Keller v. Railroad, 2 Abb. (N. Y.) App. 480; Fernandes v. Railroad, 52 Cal. 45.

SMITH, P. J.—Action to recover damages for negligence. The petition of the plaintiff alleged that defendant at its station at Winston kept stockyards and pens for the transaction of its business in loading and shipping stock, and for the use and benefit of the public, and that it maintained a road or approach along and over its right of way and through said yards and pens for the use of persons having hay, grain or live stock to deliver at said stock yards; that defendant negligently permitted said road and approach to get out of repair and remain so and permitted a gully or rut to be worn and washed in said road making the same dangerous for persons riding over it with a team and wagon loaded with hay or other feed for the use of said stockyards and that plaintiff while in the exercise of due care was driving a wagon and team loaded with hay for delivery to said stockyards over said road and approach alongside of and through said stockyards, the wheels of his wagon ran into said rut and gully and his wagon turned over and upset and he was thrown violently to the ground and injured, etc.

There was a trial to a jury which resulted in a judgment for plaintiff and defendant appealed. The defendant assails the judgment on the ground that the trial court erred in denying the demurrer interposed by it at the conclusion of all the evidence. The following plat of the *locus in quo* will be found helpful in reaching a correct undertsanding of the facts of the case as we shall presently state them to be:

It will be seen by reference to the plat that from a crossing over defendant's railroad track a road runs south and then curves until it runs west between the south side of defendant's stock lot alley and its right of way fence. The space between the alley fence on the south side of the stock lots and the right of way fence was twenty-two feet. The wagonway along there was about five feet wide and through long years of usage by the public in passing over it to points beyond and those using it to reach the abutting stock pens with wagons loaded with hay or other feed, it had become worn down below the original level of the ground on either side of it. A strip of ground about twelve feet wide was thus left lying between the alley fence and this worn wagonway. It inclined from the alley fence to the wheelrut in the north side of the wagonway to somewhere between two and three feet. A day or two preceeding that on which the plaintiff was injured there had fallen a light snow. The ground was then frozen quite hard. On the day of the injury the snow had melted away, leaving the surface of the ground very slippery. The plaintiff with full knowledge of the condition of the ground on that day drove a span of horses, attached to a wagon loaded with loose hay, from the east along the road until he reached a point not quite opposite the south end of stock lot 1, where he drove onto the incline and continued to a point indicated by a star (*) where the hindermost wheels of his wagon slid down the incline until they dropped into the rut in the wagonway when the superincumbent load of hay with plaintiff standing on the top of it went over. There is no substantial variance in the evidence as to these facts.

If it be conceded, as it must be, that the defendant owed the plaintiff the duty to keep the roadway through its stockyards in a reasonably safe condition for the use of those having occasion to transact business with it, and if it be further conceded that the defendant neglected the

full performance of this duty, still, ought the plaintiff to be allowed to recover? If the plaintiff had not deflected from the wagonway but kept on along it until opposite the point where he desired to unload, his wagon would not have turned over. It is not disputed but what the surface of the ground in the wagonway was sufficiently even to make it reasonably safe for vehicles driving over it. The defendant at most was only required to keep this way in reasonable repair. It was not required to keep it absolutely safe to its full width. The wagon-way was reasonably safe, and that, it seems to us, was all that was required.

When the plaintiff, to subserve his own convenience, left the wagonway and went upon the ''sidling'' strip, he did so at his own risk. From where he stood upon the top of his load of loose hay the face of the incline was perfectly visible to him. He could see the incline was about a twenty-five per cent grade or a descent of one foot to four from the alley fence to the wagonway. He knew, too, of the slippery condition of the upper surface of the ground, and he may be presumed to have known the risk of his wagon caroming into the rut when he drove it upon the slippery incline. He had full knowledge of all the existing conditions. He knew if he continued on the wagonway until he reached the point where he desired to unload, that he could do so in safety. He knew, too, that if he drove upon the slippery incline that it would be at the risk of turning his wagon over. No man exercising ordinary prudence would have attempted this without at least first descending from his lofty stand to the ground, and from there would have guided the course of his team. To remain on the top of the load while attempting to drive along the incline was an act of the greatest imprudence as respected his own personal safety. Though his wagon turned over, yet if he had exercised ordinary care and prudence by alighting before driving upon the incline he would not have been hurt.

Will the law impose a liability on the defendant for an injury which was brought about, at least in part, by the plaintiff's own imprudent and careless conduct—a result to which his own imprudence was a contributing cause and without which it would not have ensued? Upon the undisputed facts in the case, we think but a single infer-. ence can be drawn: and that is of negligence. But it is contended that the question of negligence was one for the jury and not for the court. Young v. Railroad, 72 Mo. App. 263; Graney v. St. Louis, 141 Mo. 180; and cases cited in plaintiff's brief. It is most generally so, but where the facts as here are undisputed and are such that reasonable minds can draw no other inference from them than that plaintiff was or was not at fault, then it is the province of the court to determine the question of contributory negligence as one of law. Beach on Contrib. Neg., sec. 447; Fowler v. Randall, 73 S. W. 931; Lenix v. Railroad, 76 Mo. 86; Butts v. Railroad, 98 Mo. 272; Fink v. Furnace Co., 10 Mo. App. 61.

The negligence that will preclude a recovery is nothing more than the absence of proper care—such care as a person of ordinary prudence would exercise under similar circumstances. Barton v. Railroad, 52 Mo. 253; Doss v. Railroad, 59 Mo. 27. The salient facts of this case are undisputed and as it appears to us are such that reasonable minds can draw no other conclusion than that the plaintiff himself did not exercise due care—was at fault—and therefore the question of contributory negligence should have been determined as one of law by the court.

The judgment must accordingly be reversed. All concur.