NELLIE CAMPBELL, Respondent, v. THE CITY OF STANBERRY, Appellant.

Kansas City Court of Appeals, December 7, 1903, and February 1, 1904.

1. MUNICIPAL CORPORATIONS: Negligence: Safe Street. A municipality is liable for negligence in not keeping its streets in a reasonably fit condition for use by the public.

2. ———: ———: ———: Evidence. The evidence is held sufficient to send the case to the jury and insufficient to authorize a peremptory instruction on the ground of contributory negligence. Holding v. St. Joseph, 92 Mo. App. 143, distinguished.

3. ———: ———: ———: Instructions. The alleged negligence was a failure to guard and light an excavation in the street. The evidence showed neither precaution, and the instruction used the copulative "and" in the place of the disjunctive "or." Held, not prejudicial error, as the court on the evidence could well assume that the excavation was neither guarded nor lighted, and the jury could not be misled.

4. ———: ———: ———: ———. Under the pleadings had it been shown that the excavation was protected by some other means than a guard or a light it would have constituted a defense, but there was no such evidence and the instruction properly confined the attention of the jury to the negligence specified in the petition.

5. ———: ———: ———: ———. A city is not bound to keep its streets absolutely safe, but an instruction using the word "safe" without qualification is held not prejudicial in this case, when taken in connection with other instructions.

6. ———: ———: ———: ———. The fact that a party may have learned that there was an excavation in the street will not defeat his recovery for an injury received because thereof, but only requires that he exercise ordinary prudence.

7. ———: ———: Measure of Damages: Instructions. An instruction authorizing a recovery for medicine and medical attention is fully warranted on the facts in this record.

Campbell v. City of Stanberry.

8. ———: ———: ———: Accident: Instruction. An instruction
that if plaintiff received his injury by reason of an accident on
his part he could not recover, is properly refused since it
eliminated defendant's negligence and left the case to stand as
if the injury had been self-inflicted; besides, the instruction
was condemned on a former appeal.

9. ———: ———: Evidence: Admission of Plaintiff: Instruction.
An instruction that the jury might take into consideration all
statements made by plaintiff and the law presumed all state-
ments against interest to be true but those in his own favor
the jury might believe or disbelieve according as it found the
facts, is properly refused as the admissions are extrajudicial
and can be received only with great caution.

Appeal from Gentry Circuit Court.—*Hon. Gallatin
Craig*, Judge.

AFFIRMED.

*Aleshire & Benson* for appellant.

(1) The court erred in giving plaintiff's instruc-
tion No. 1. First, because it is a comment on the evi-
dence; second because it submits to the jury the ques-
tion of negligence based solely upon the theory that the
jury could find negligence on the part of defendant if
it failed to protect the street by guard rails and by plac-
ing lights along the streets. It was for the jury to deter-
mine whether there was negligence on the part of the
city in failing to properly protect the ditch. Barr v.
City of Kansas, 105 Mo. 550; St. L., K. & N. W. v.N. S.
Y., 120 Mo. 541; Meyer v. Railroad,, 40 Mo. 151; Rays-
don v. Trumbe, 52 Mo. 35. (2) This instruction is
subject to the same criticism as was found in instruction
No. 1, in the former trial of this case. 85 Mo. App. 159.
(3) In a case where the defense is contributory negli-
gence it is held error for the plaintiff to submit a case
without a recognition of the plaintiff's contributory
negligence. Gilson v. Railway, 76 Mo. 282; Moberly v.
Railway, 98 Mo. 183; Cultivator Co. v. Railway, 64
Mo. App. 305; Mallman v. Harris Bros., 65 Mo. App.
127. (4) The court erred in giving plaintiff's second

instruction because if plaintiff was aware of the condition of the street and ditch greater care was required of her than in the case where she had no such knowledge. See authorities, supra. (5) The court erred in giving plaintiff's instruction No. 3 and especially that portion of it which authorized the jury to take into consideration the plaintiff's expense for medicine and medical attention. Muth v. Railroad, 87 Mo. App. 422. (6) The court erred in refusing defendant's instruction No. 9. An instruction of this kind has been heretofore more than once approved. Henry v. Railway, 113 Mo. 525; Sawyer v. Railroad, 37 Mo. 362; Feary v. Railroad, 62 S. W. 458. (7) The court erred in refusing defendant's instruction No. 10 for the reason that if plaintiff knew that the ditch in question was open she should have been required under those circumstances to have used ordinary care and prudence as stated in said instruction. Cohn v. City of Kansas, 108 Mo. 387; Flynn v. City of Neosho, 114 Mo. 572; Maus v. Springfield, 101 Mo. 613; Haniford v. Kansas City, 103 Mo. 172; Gerdes v. Iron F. Co., 124 Mo. 347. (8) The court erred in refusing to give defendant's instruction No. 11. A similar instruction to this has been repeatedly approved in criminal cases as well as civil, and has been the law of this State for years. State v. Brooks, 99 Mo. 137. Shirts v. Overjohn, 60 Mo. 308; Wright v. Town of Butler, 64 Mo. 165; Feary v. Street Railway, 62 S. W. 460.

*Peery & Lyons, J. L. McCullough* and *J. C. Wilson* for respondent.

(1) The first instruction for the plaintiff is not subject to the objections urged against it. Feary v. Railway, 62 S. W. 458; Barr v. Kansas City, 105 Mo. 555; s. c., 121 Mo. 33; Campbell v. Stanberry, 85 Mo. App. 159; Lane v. Railway, 132 Mo. 4; Milligan v. Railroad, 79 Mo. App. 396; Plummer v. Milan, 79 Mo. App. 393; Chilton v. St. Joseph, 143 Mo. 193; Young v. Webb

City, 150 Mo. 333; Hughes v. Railway, 127 Mo. 452; Crecellus v. Bierman, 68 Mo. App. 34; Dowling v. Allen, 102 Mo. 213; Bealey v. Smith, 158 Mo. 515; Brummel v. Harris, 162 Mo. 403. (2) The second instruction for the plaintiff was approved on the former appeal. (See authorities cited at end of last point.) Besides this instruction clearly and accurately stated the low under the decisions in this State. Graney v. St. Louis, 141 Mo. 185; Chilton v. St. Joseph, 143 Mo. 202. (3) Appellant attacks plaintiff's third instruction on the ground that the evidence was not sufficient to entitle plaintiff to recover for medicine, medical attendance, etc. It showed an actual payment of $97 and an absolute liability testified to by plaintiff of $400 more. What more could be required. Morris v. Railway, 144 Mo. 500; Robertson v. Railway, 152 Mo. 382. (4) It is contended that the court erred in refusing defendant's instruction No. 9. It is settled by a long line of decisions in this State that when the injury, loss or damage complained of is a joint result of the negligence of the city, and unavoidable accident, the defendant is liable for the entire damage or loss, if the plaintiff is guilty of contributory negligence. Vogel v. West Plains, 73 Mo. App. 588; Vogelgesang v. St. Louis, 139 Mo. 127, and cases therein cited. Beauvais v. St. Louis, 169 Mo. 500. The defendant again as upon the former appeal complains of the refusal of its instruction No. 10 which is identical with its No. 11 offered on the former trial. The observations made in the preceding paragraph apply with equal force to this objection. See authorities cited at conclusion of paragraph 2 of this brief. Besides, this instruction was a direct comment on the evidence; a singling out of one fact, which even if true did not preclude a recovery, and telling the jury to take it into consideration in determining a vital issue in the case. That this can not be done is established by cases too numerous to cite. Everything contained in this instruction as to the

knowledge of the plaintiff, and the care and prudence required in case of such knowledge, in so far as those matters were proper to be stated to the jury, was fully stated in other instructions both for plaintiff and defendant. In fact defendant's fifth instruction given seems to contain everything embodied in ·its No. 10. So that in no view of the matter could the refusal of the latter have been error. (6) It is next contended that the court erred in refusing defendant's instruction numbered 11. The authorities upon evidence make a broad distinction between solemn admissions in the course of judicial proceedings and admissions against interest made otherwise. It frequently happens also, that the witness, by unintentionally altering a few of the expressions really used gives an effect to the statement completely at variance with what the party actually did say. 1 Greenleaf, Ev., sec. 200. See also, Holmes v. Leadbetter, 69 S. W. 24; State v. Moxley, 102 Mo. 390; State v. Glahn, 97 Mo. 679; State v. Howell, 117 Mo. 325 and other cases; State v. Wisdom, 119 Mo. 552 and cases cited; State v. Inks, 135 Mo. 689; Shoe Co. v. Hilig, 70 Mo. App. 301; Linn v. Bridge Co., 78 Mo. App. 111; Connor v. Ins. Co., 78 Mo. App. 131; Schnieder G. Co. v. Fink Co., 78 Mo. App. 622; Orcheln v. Scott, 79 Mo. App. 534; Fullerton v. Fordyce, 121 Mo. 13; Freeman v. Railway, 95 Mo. App. 314.

SMITH, P. J.—This is an action which was brought by plaintiff against defendant, a city of the fourth class, to recover damages for injuries occasioned by negligence. The evidence tends to prove that at the time of the injury the defendant was putting in a system of waterworks and had dug a ditch along Sixth street in front of the grounds of the Normal school where plaintiff was then working, and had left it open and without guard rails or lights for about one month; that opposite the entrance of the Normal grounds a narrow path or passway had been left where the ground was unbroken;

that on the night in question, which was very dark, the plaintiff attempted to cross the street south of said grounds, to visit friends living on that side of the street and fell into the ditch and was rendered unconscious and lay there for perhaps an hour when she was discovered by a stranger passing, who rescued her; that at that time she was a strong, healthy young woman of 26, and had never had any serious illness; and that as a result of the injuries received under the circumstances aforesaid, her health was completely wrecked, so that for years she had been unable to work, and for more than six years before the trial had been continuously under the care of a doctor, and much of the time in the hospital.

There was a trial which resulted in a judgment for plaintiff and defendant appealed. The defendant assails the judgment on a great number of grounds, the first of which being that the petition does not state facts sufficient to constitute a cause of action, or if so, that the evidence is insufficient to support it.

By the common law of England, as it is interpreted in the English courts, by the Supreme Court of the United States, and by the highest courts of most of the States, an action on the case for negligence can always be brought against a chartered municipality for neglect to keep the streets over which it had control in a reasonably fit condition for use by any number of the public for any purpose for which a public street is designed. Jones on Neg. Munic. Corp., sec. 72; Ball v. Independence, 41 Mo. App. 475.

The evidence as presented by the abstract in the present case is not materially variant from that brought before us by the former appeal—85 Mo. App. 159—where, after an examination of it, we concluded it was ample to entitle the plaintiff to a submission to the jury; and we are unable now to discern any reason why we should depart from that conclusion. Besides this the abstract now before us does not purport to contain all

the evidence adduced at the trial, and for that reason we do not feel at liberty to examine it for the purpose of determining whether or not the evidence was sufficient to make out for plaintiff a prima facie case.   Nor do we think this to be a case where the undisputed facts were such that reasonable minds could draw no other conclusion from them than that the plaintiff was guilty of contributory negligence and that therefore the question of negligence was one for the court.   Fowler v. Randall, 73 S. W. 931; Meyers v. Railway, 103 Mo. App. 268; Nothing is seen in Holding v. St. Joseph, 92 Mo. App. 143, that requires us to overthrow the judgment in this case.   The evidence here shows that plaintiff attempted to pass over the street on a crossing that had been in constant use by the public for many years and in doing so she fell into an unguarded and unlighted excavation and was there hurt; while the facts in that—the Holding case—as may be seen by reference to it, were essentially different.

The defendant objects that the first instruction given for the plaintiff was erroneous in that it imposed upon it—defendant—the performance of the double duty to maintain along the sides of the street excavation a guard rail or barricade, and also to place lights along the same in such manner as to light the crossing over the same.   Possibly this instruction is subject to the criticism of being needlessly verbose, but beyond that we do not think it faulty.   It in substance told the jury that it was the duty of the defendant to keep its streets in a reasonably safe condition so that those having occasion to use them could do so in safety.   It further told it—the jury—that it was the duty of the defendant to keep Sixth street in a reasonably safe condition at the point covered by the excavation in question and if it found that the defendant neglected to provide guard rails for said excavation at said street crossing and neglected to light the same by night and that in consequence of which the said street

at said crossing was rendered unsafe for persons attempting to cross it in the nighttime, etc., it should find for plaintiff. The uncontradicted evidence showed that the defendant had taken neither of these precautions. Whether defendant had taken one or both was not an issue of fact in the case. If it had taken one of them and the jury had been told that it was required to take both there would have been some substantial ground for complaint. The court in instructing the jury might, without any breach of propriety, have well assumed that the excavation in the street in front of the Normal school building at the time of the plaintiff's injury was neither guarded nor lighted. Even if it be conceded that the instruction was clumsily and inartistically worded, yet, in view of the evidence, it could not have misled the jury to the prejudice of the defendant.

The defendant suggests that it was error for the court to instruct the jury that if the excavation was unguarded and unlighted that the defendant was guilty of negligence because such excavation might have been protected in other ways. It is a sufficient answer to this to say that the fact is clearly inferable from all the evidence that the excavation was wholly unprotected in any way. The instruction in submitting the issue of negligence was as broad as the allegation of the petition and that was all that was required. If the excavation was protected in some other way that no doubt would have constituted a defense; but if so, there was no evidence offered tending to prove it. The court very properly by the instruction confined the attention of the jury to the negligence specified in the petition.

The defendant further questions this instruction on the ground that it declared it to be its duty without qualification to keep its streets absolutely safe without regard to any degree of safety or unsafety. This results no doubt from a misconception of the language employed in it. It first declared that it was the duty of the defendant to keep Sixth street in a reasonably safe con-

dition at the place covered by the excavation. This declaration was followed by the information that if it found that defendant left such excavation open and unguarded and unlighted at the place where the injury happened whereby it became unsafe and dangerous to persons attempting to cross it in the nighttime, etc., that this was a breach of defendant's duty. The instruction considered in its entirety we think left it to the jury to find whether or not the street at the place of injury was kept in a reasonably safe condition. The instruction did not declare it to be the duty of the defendant to keep its streets safe or absolutely safe, but that the duty imposed was to keep it reasonably safe. The qualification was not therefore wanting. And finally, the defendant contends that this instruction does not submit the defense of contributory negligence. It is submitted in a number of defendant's instructions and this is sufficient. Hughes v. Railroad, 127 Mo. l. c. 452.

The second instruction given for plaintiff told the jury that *plaintiff, "had the right in crossing the street to assume that the same was in a safe condition, unless she knew or had reason to suppose that it was unsafe.* And although plaintiff may have known, or have been previously informed that said ditch had been dug along the north side of Sixth street, south of the Normal grounds, yet that fact alone would not prevent her from recovering in this action; but in that case she would be required to use the care and caution which a person of ordinary prudence, knowing such fact, would exercise under similar circumstances." The defendant contends that the words "safe condition" contained in the *italicized* part thereof should have been preceded with the qualifying word, *"reasonable."* If the court in its instruction number one given for plaintiff had not told the jury that the defendant was only required to keep its streets in a reasonably safe condition for travel, and in its number two for defendant that it was not an

insurer against accidents on its walks or streets, nor was it liable for every defect therein, then perhaps it would have ground for complaint. King v. King, 155 Mo. l. c. 423. Beside, in its present form it meets the view expressed by us when disposing of the objections there urged to it on the former appeal, and it is not therefore open to further criticism.

The plaintiff's third telling the jury that in determining the measure of damages it might take into consideration the necessary expenses for medicine and medical attention, was fully warranted by the evidence which tended to prove that she had been under the care of a physician receiving daily and weekly treatment for about six years, much of that time she had been in a hospital and had paid on that account $97 and still owed $400 more. This was sufficient. Morris v. Railway, 144 Mo. 500; Robertson v. Railway, 152 Mo. 382.

The defendant's ninth, which was refused, was to the effect that, ''if the injuries received by plaintiff were merely the result of an accident upon her part'' there could be no recovery. Under this instruction even if the defendant was guilty of negligence, and but for which the accident on plaintiff's part would not have happened, or, if the injury was the joint result of defendant's negligence and an unavoidable accident on plaintiff's part, there could have been no recovery, even though plaintiff was guilty of no contributory negligence. It was not therefore a correct expression of the law in a case of this kind. Vogelgesang v. St. Louis, 139 Mo. 127; Voegel v. West Plains, 73 Mo. App. 588. By it the negligence of the defendant which the evidence tended to prove was eliminated and the case was left to stand as if the injury had been self inflicted. Such an instruction if applicable in any case was wholly inapplicable where the facts are as in this. Beauvais v. St. Louis, 169 Mo. 500. When the cause was here on the former appeal we declined to condemn the action of

the court in refusing this same instruction and that ruling must be regarded as conclusive. And the same remark is alike applicable to the defendant's ninth, which is identical with its tenth of its series when the case was here before.

The defendant's eleventh, which was refused, in substance told the jury that it might take into consideration all the statements made by plaintiff and to different witnesses and that the law presumed all statements made against her own interest to be true because made by her, but what she may have stated to her own interest it—the jury—might believe or disbelieve accordingly as it might think from all the facts and cir-cumstances detailed in the evidence were entitled to credit. The admissions to which this instruction referred were extrajudicial. Those to which the instructions in Feary v. Railroad, 62 S. W. 460, and in State v. Brooks, 99 Mo. 137, were judicial. There is a well recognized distinction between the two. The personal admissions of a defendant when made in his own cause in the presence of his counsel under our statute permitting him to testify are regarded as conclusive upon him for the purposes of the case in which they are made. When the admission is verbal and extrajudicial it ought to be received with great caution. The evidence consisting as it does in the mere repetition of oral statements, is subject to much imperfection and mistake, the party himself either being misinformed or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens also that the witness by unintentionally altering a few expressions really used gives an effect to the statement completely at variance with what the party actually did say. 1 Greenleaf on Evidence, sec. 200; Holmes v. Leadbetter, 69 S. W. 1. c. 24; Feary v. Railway, 62 S. W. 1. c. 460. It is thus seen that the conclusive effect which is given to judicial admissions can not be given to those that are *extrajudicial.* Such an instruction as this could not

be given in a criminal case without error.    State v. Wisdom, 119 Mo. 1. c. 552; State v. Howell, 117 Mo. 1. c. 323; State v. Ink, 135 Mo. 1. c. 689.   And even though an instruction declaring what effect should be given to extrajudicial admissions like that given in State v. Wisdom, supra, be proper in a civil case, that here under review it is seen falls far short of the mark.    It is obvious that it assumes a controverted fact; namely, that plaintiff made admissions to other witnesses against her interests.   This was a question for the jury and not for the court, and for that reason, if for no other, it was properly refused.

Much space in the briefs of counsel is devoted to the discussion of the various rulings of the court made in respect to the admission and exclusion of evidence. The grounds of objection to these we have examined and have concluded the same were not well taken.   We can not discover that a different ruling would have altered the result or that the defendant in consequence thereof was prejudiced on the merits.

It results that the judgment must be affirmed.    All concur.