OLLIE V. DAY, Respondent, v. EMERY, BIRD, THAYER DRY GOODS COMPANY, Appellant.

Kansas City Court of Appeals, October 2 and November 6, 1905.

1. MASTER AND SERVANT: Contributory Negligence: Railroad Crossings. Cases relating to negligence of travelers in crossing a railroad at a public highway have no application to the relation of master and servant where the law requires the master to provide a safe working place for the servant.

2. ———: ———: Dressing Room in Kitchen: Scienter. The evidence relating to an injury received by a servant by reason of a hole in the floor of a dressing apartment, is reviewed, and it

is held the servant was not guilty of contributory negligence, or, at most, the question was for the jury, and this whether the servant had mere notice of the unguarded hole or not.

3. ———: ———: **Evidence.** Certain evidence relating to the hole having paper over it is held to have been properly admitted, though not referred to in the pleadings, since it tended to rebut the plaintiff's negligence and the defendant's was already admitted.

4. **INSTRUCTIONS: Expert Evidence: Clerical Error.** Where it was plain that "reasonable" in an instruction was a clerical error for "unreasonable," the error is not fatal.

5. **PERSONAL INJURY: Damages: Excessive Verdict.** Where there are two verdicts far in excess of the one the trial court permitted to stand and the evidence as to the extent of the injury is quite conflicting, the appellate court will not feel justified in interfering.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

AFFIRMED.

*Peak & Strother* for appellant.

(1) The judgment should be reversed because the trial court erred in not sustaining defendant's demurrer to the evidence at the close of plaintiff's evidence in chief, and also erred in not peremptorily instructing the jury at the close of all the evidence, to find for defendant. Kelsay v. Railway, 129 Mo. 362; Lane v. Railway, 132 Mo. 4; Payne v. Railway, 136 Mo. 562; Wheat v. St. Louis, 179 Mo. 572; Weltmer v. Bishop, 171 Mo. 110; Sours v. Railway, 84 Minn. 230, 87 N. W. 766, 88 Minn. 504, 93 N. W. 517. (2) The pleadings raised no issue as to the existence of a paper over the hole. The only negligence alleged was the cutting of the hole and leaving it unguarded and unprotected without warning plaintiff. The evidence as to the paper was therefore inadmissible, and was most highly prejudicial to the defendant, and the judgment should therefore be reversed.

Harty v. Railway, 95 Mo. 368; Waldhier v. Railway, 71 Mo. 514; Price v. Railway, 72 Mo. 414, 416, 417; Raming v. Railway, 157 Mo. 477, 507. (3) The trial court erred in giving instruction numbered 5 given for plaintiff, and the judgment should be reversed for such error. Stegman v. Berryhill, 72 Mo. 307; Rosentreter v. Brady, 63 Mo. App. 398; Freeman v. Railway, 95 Mo. App. 314. (4) The damages are so excessive as to require a reversal of the judgment. Sawyer v. Railway, 37 Mo. 240; Chitty v. Railway, 166 Mo. 435; Taylor v. Railway, 84 S. W. 873.

*Wash Adams* and *M. H. O'Connor* for respondent.

(1) If there is any evidence, it must go to the jury who are the exclusive judges of its weight and sufficiency. Speed v. Herrin, 4 Mo. 356; Winston v. Wales, 13 Mo. 569; McKnown v. Craig, 39 Mo. 156; Singleton v. Railway, 41 Mo. 465; Deere v. Plant, 42 Mo. 60; McFarland v. Bellons, 49 Mo. 311; Brewington · v. Jenkins, 86 Mo. 157; Mathews v. Railway, 26 Mo. App. 75; Taylor v. Short, 38 Mo. App. 21; Teemple v. Railway, 83 Mo. App. 64; Carter v. Railway, 156 Mo. 636. (2) Mere knowledge of the danger does not preclude recovery. Mellier v. Railway, 115 Mo. 205; Warner v. Railway, 62 Mo. App. 190; Stoddard v. Railway, 65 Mo. 514; Delvin v. Railway, 87 Mo. 540; Hudson v. Railway, 92 Mo. 440. (3) There was no error in admitting testimony tending to show the hole was obscured by paper. Rice v. McFarland, 41 Mo. App. 409. (4) There is no error in plaintiff's instruction numbered 5. (5) The objection made to plaintiff's instruction numbered 4, is a mere quibble, a verbal criticism; such objections to instructions are usually rejected by the appellate courts as unworthy of serious consideration. Shortell v. St. Joseph, 104 Mo. 114; Lin v. Railway, 10 Mo. App. 134; Suttee v. Aloe, 39 Mo. App. 42; Myer v. Tamm, 11

Mo. App. 599; Nichols v. Metzger, 43 Mo. App. 607; Alberger v. White, 117 Mo. 362; Eichorn v. Railway, 130 Mo. 575.

BROADDUS, P. J.—The plaintiff's suit is to recover damages as the result of an injury claimed to have been inflicted by reason of the negligence of the defendant. The injury complained of is alleged to have been received on the 24th day of October, 1901, at which time plaintiff was in the employ of defendant corporation, conducting a department store at the northeast corner of Eleventh and Walnut streets in Kansas City, Missouri. Her employment was that of a waitress in defendant's tea-room and kitchen on the third floor of the building in which the business was conducted.

There was over a part of the kitchen a platform, suspended half way between the ceiling and floor thereof, which was used by the employees as a place for depositing and changing their street and working apparel before beginning and after quitting their work. The platform was located around part of the west side, across the north side, and along a part of the east side of the kitchen. Underneath the platform on the kitchen floor was located the kitchen range, a short distance from the wall of the building and close to a window that extended both above and below the platform. The range was covered by a metal canopy, the top of which extended up to within four inches of the platform.

It was shown that the platform in question had the effect of retarding the escape of the fumes arising from the articles cooking on the range, and, to remedy the matter, a hole was cut through the platform directly over the range, thereby letting the fumes pass through and out at the window above. The hole was four feet two inches in length, east and west, and two feet and four inches north and south, the outer edge of which was two feet and one inch south of the north wall of the building, and was bisected by one of the joists on which

the platform rested, extending north and south. In the northeast corner of the room above the platform, extending east and west, were a number of shelves, each twelve feet and three inches long and seventeen inches wide. The west end of these shelves extended one and a half inches beyond and west of the east edge of the hole, and eight inches therefrom, and was screened from the other part of the platform by a curtain strung upon a wire. The platform was from nine to ten feet in width and was reached by a stairway leading up from the kitchen. The curtain in question passed slightly over the edge of the hole at the west end. The object of the curtain was to secure privacy for the employees while they were changing their attire.

The plaintiff, on the afternoon of the day in question, after quitting attendance in the tea-room, went up the stairs upon the platform for the purpose of changing her apparel before she went out upon the streets and, while she was so doing, she got her foot into the hole in question. It is admitted that David S. Redpath cut the hole in the floor and that it was also left by him unguarded by rail, or otherwise; and it is not in dispute that he placed plaintiff's box on the west end of one of the shelves. The facts already stated are none of them in dispute. The hole was cut by defendant's direction a day or two before the plaintiff's accident.

The plaintiff testified that she did not know of the existence of the hole. The evidence, however, is that the employees in a general way were warned of its existence and several witnesses testified that plaintiff, after she claimed that she was hurt, stated that she knew that the hole was there, but that she had forgotten it; and her evidence in that respect is contradicted by that of many other witnesses, but is supported to some extent by others—however, the great burden is against her on that point. Such being the case, defendant asks the court to consider the case as if plaintiff knew of the existence of the hole and that it was left unguarded: and contends,

if so considered, that the plaintiff has no case, and that the trial court should have instructed the jury to return a verdict for defendant.

At the outset, it is admitted that the defendant company was guilty of negligence in cutting and leaving the hole unguarded, but it is claimed that plaintiff's injury, if any, was the approximate result of her own contributory negligence. On further examination of the evidence, it will be found that plaintiff testified that, on the afternoon mentioned, when she quit her work, she went upon the platform and got some of her articles of clothing that were hanging upon a hook and went to the place in question to get a pair of gloves from her box; that, in the act of reaching up for it, her left foot went down into the hole; that, as she went down, she threw her arm out and caught the curtain; that, as she went down the joist struck her under the left arm, and her hip struck upon the canopy over the range; that the curtain at that place extended partly over the hole. Mrs. L. H. Schweiger, a witness, corroborates plaintiff as to the location of the box at the west end of shelves. She heard the noise caused by her fall and saw her hanging in the hole, gripping with one hand the curtain. Miss Lulu Harris was also present at the time and corroborates plaintiff in reference to the location of the box, the proximity of the hole, and the position of the curtain; and there is no evidence whatever contradicting the statement of plaintiff as to how she happened to step into the hole.

The defendant, upon the assumption that plaintiff knew of the existence of the hole, contends that, as she did not look for it, she is not entitled to recover under the following authorities, viz: Kelsay v. Railway, 129 Mo. 362; Lane v. Railway, 132 Mo. 4; Payne v. Railway, 136 Mo. 562, and other cases of kindred character. The authorities named refer to where parties were injured at railroad crossings, wherein the court held that persons approaching such crossing should look and listen for

approaching trains and that, if they failed to do so, they were guilty of contributory negligence and could not recover for injury sustained while in the act of crossing, notwithstanding the railroad company was guilty of negligence in failing to ring the bell or sound the whistle. Others referred to are similar upon principle. But we are of the opinion that the rule in those cases has no application to this, for here the defendant and plaintiff bore to each other the relation of master and servant. The almost universal rule governing such relation is that the master is bound to provide for his servant a reasonably safe place, taking into consideration the nature of the employment, in which he is required to perform the service due to the master, under the terms of the contract of his employment. The rule is so well settled in this country that it is useless to call attention to any authorities upon the question.

As a waiter in defendant's tea-room, plaintiff was required to change her ordinary street clothing for such as were suitable for service in the tea-room, and to doff her working clothes when the day was over and she was leaving the establishment, and resume her ordinary attire, for which purpose defendant had provided the platform or mezzanine floor, shelves, and curtains, as described. The place provided for the purpose was rendered unsafe and dangerous by reason of the hole cut in the platform in such close proximity to the shelves and left unguarded. It was gross, if not criminal, negligence on the part of defendant company, which it seeks to mitigate by casting the blame upon its employee, who failed to place a guard around the place as directed; but the act of the employee was the act of the principal in law, and because the employee disobeyed orders does not in any degree relieve defendant from liability for the wrongful act. Assuming, for the sake of argument, that plaintiff knew of the existence of the unguarded hole in the platform, it is not a necessary inference, under the circumstances, that she was guilty of such contributory

negligence as to preclude her right to recover the damages she sustained in consequence of her injuries. The hole had been made only a day or two previous, not a sufficient length of time under ordinary circumstances for plaintiff, who had been accustomed to use the platform, to have become accustomed and familiar with its changed condition, and under which she might have inadvertently or accidently stepped into the hole. It seems to us that in plaintiff's effort to reach up for her box, the misstep she made, in the light of all circumstances, ought not, as a matter of law, be construed as an act of negligence. We do not think she was guilty of negligence. At most, it was a question for the jury to decide and the trial court was clearly right in overruling defendant's demurrer to the evidence. And, independent of the rule governing the relation of master and servant, a mere knowledge of the existence of the unguarded hole in the platform would not be sufficient to defeat plaintiff's right of recovery. [Barr v. City of Kansas, 105 Mo. 550.] In that case, it was shown that plaintiff fell into a hole in the street, of which she had knowledge, while she was running in one direction and looking in another. The court held that her negligence was a question for the jury. See also Campbell v. City of Stanberry, 105 Mo. App. 56. The authorities are numerous to the same effect.

The plaintiff testified that there was a paper over the hole, which she carried down with her when she fell. Defendant objected to this evidence on the ground that it had not been pleaded, that no reference was made to it in her petition. We think the objection was without merit. It was a part of the *res gestae*. The court instructed the jury that it was not to be considered as evidence of negligence upon the part of defendant and limited its effect to the question as to whether plaintiff knew of the existence of the hole before she fell into it. It was not introduced to show negligence upon the part of defendant, but to rebut any presumption of negligence up-

on her part and, as such, it was not necessary to plead it, and, as defendant's negligence was admitted, it was altogether harmless in that respect.

Instruction numbered five is the subject of criticism upon the part of the defendant. It reads as follows: "The court instructs the jury that they are not bound to accept as true the opinions of the doctors who have testified as experts in this case, but may give said opinions and each of them such weight as the jury may deem them entitled to, or altogether disregard such opinions, in so far as the jury, from all the facts and circumstances in evidence, may believe such opinions reasonable." The instruction is correct in every particular except the last word "reasonable." It is a clerical error, as every one would, from the sense of the instruction, come to the conclusion that unreasonable was meant. Such verbal criticisms are usually rejected by the courts. [Shortel v. City of St. Joseph, 104 Mo. 114; Eichorn v. Railway, 130 Mo. 575.]

The defendant finally contends that the judgment is excessive. The verdict rendered by the jury was for $7,193. The trial court compelled plaintiff to enter a remittitur in the sum of $2,694, which left the amount of the judgment at $4,499. There was a former trial of the cause in which the jury returned a verdict for $4,900. We have examined the evidence as to the extent of plaintiff's injuries and find it to be of the most conflicting character. The doctors introduced as witnesses by the respective parties, as usual, disagree in the most important particulars. There was much evidence that plaintiff was severely and permanently injured, and, if her own testimony and that of the witnesses is to be believed, the judgment is not excessive. Two juries have passed upon the question, who have fixed her damages greatly in excess of the judgment as it now stands. The judge who tried the case has passed upon the question. In view of all this, we do not feel justified in interfering with the judgment. The cause is affirmed. All concur.